73831. PAPPAS et al. v. HILL-STATON ENGINEERS, INC. et al.
(358 SE2d 625)

DEEN, Presiding Judge.

Appellants' son was killed while working in proximity to high-voltage lines owned and maintained by the Troup County Electric Membership Corporation (EMC), not a party to this appeal. The decedent was an employee of appellees Hill-Staton Engineers, Inc. (Hill-Staton), of which appellee Thomas J. Staton was owner and chief executive officer, and was engaged in the duties of his job when the fatal incident occurred. Appellants brought a wrongful death action against Staton, Hill-Staton, and the EMC, alleging negligence and violation of the Crane Act, OCGA § 46-3-30 et seq., against EMC and violation of the Crane Act against Hill-Staton and Staton. The latter two appellees moved for summary judgment on the basis that a cause of action under the Crane Act is barred by the "exclusive remedy" provision of the Workers' Compensation Act, OCGA § 34-9-11. The trial court granted the motion, and the parents, Pappas and Williams, appeal from this judgment, alleging that the trial court erred in holding that the Crane Act is superseded by allegedly conflicting provisions in the Workers' Compensation Act. OCGA § 34-9-1 et seq.

Portions of the Crane Act directly relevant to the issue on appeal are OCGA §§ 46-3-31; 46-3-32; 46-3-33; and 46-3-39. Subsection 31 of the Crane Act, OCGA § 46-3-30 et seq., provides: "No person or his agent shall require or permit any employee to perform any act prohibited by Code Section 46-3-32 unless and until danger from accidental contact with high-voltage lines has been effectively guarded against in the manner prescribed in Code Section 46-3-32." OCGA § 46-3-32 prescribes certain protective measures to be taken by the owner or operator of the line (here, EMC); OCGA § 46-3-33 mandates that "the person or persons responsible for the work to be done [here, Hill-Staton and Staton] shall promptly notify the owner or operator of the high-voltage lines of the work to be done and [the owner or operator] shall thereupon be responsible for the completion of the safety measures which are required by Code Section 46-3-32. . . ." It is undisputed that neither Staton nor Hill-Staton provided the EMC with the notice required by OCGA § 46-3-33.

Appellees contend, however, that the Crane Act does not apply to any of the defendants because the Workers' Compensation Act bars "all other rights and remedies . . . , at common law or otherwise, on account of such injury, loss of service, or death. . . ." OCGA § 34-9-11. See also Ga. L. 1980, p. 1145, § 2; Ga. L. 1974, p. 1143, § 1; Ga. L. 1972, p. 929, § 1; Ga. L. 1920, p. 167, § 12. On its face, then, the exclusive remedy provision is not confined to rights at common law but applies to all rights and remedies which might otherwise be available to the employee as against the employer. The parties to this action have stipulated and agreed that workers' compensation benefits were properly paid by the employer as a result of the death of appellants' son.

The Crane Act imposes certain safety standards not only upon employers of workers performing certain acts in proximity to hazardous high-voltage lines but also upon the owners and operators of those lines. This Act creates a theory of liability against owners and operators for violation of the duties imposed by the Act. *Malvarez v. Ga. Power Co.*, 250 Ga. 568 (300 SE2d 145) (1983); *Savannah Elec. &c. Co. v. Holton*, 127 Ga. App. 447 (193 SE2d 866) (1972). Moreover, the Crane Act imposes criminal penalties upon any person who violates any provision of the Act. These functions and purposes of the Crane Act would be unaffected by a ruling that the Workers' Compensation Act bars any action pursuant to this statute against an employer for an injury which is compensable under the Workers' Compensation Act. Furthermore, the Crane Act may apply to those employers who are excluded from the provisions of the Workers' Compensation Act. In *Savannah Elec.*, supra, this court declared, "an employer would be negligent *per se* vis-a-vis an employee if it violated a provision of the Act." Id. at 450. It should be noted that the

*Savannah Elec.* case involved a claim against the owner of the power line and not against the injured employee's employer. Moreover, enforcement of the workers' compensation bar is not inconsistent with our pronouncement in that case. If negligence is shown, an employee may recover damages in tort from an employer not covered by the Workers' Compensation Act. However, the negligence of an employer covered by the Workers' Compensation Act is not actionable since, by statute, the sole remedy available to the injured employee is recovery of workers' compensation benefits.

A survey of other jurisdictions reveals the general rule to be that in the absence of specific statutory provisions making an exception to workers' compensation laws for injuries sustained by failure of the employer to comply with safety laws or regulations, such failure does not affect the rule as to exclusive remedy. 101 CJS, Workmen's Compensation, § 928. Generally, the exclusive remedy provision of the workers' compensation laws relieves the employer not only of common law liability but also of statutory liability under state and federal statutes. See, e.g., *Crosby v. Regional Utility Bd.*, 400 S2d 1024 (Fla. Dist. Ct. App. 1981) (where an action against an employer pursuant to the Florida Hazardous Occupations Act was held to be barred by the exclusive remedy provision of that state's Workers' Compensation Act); *Ramos v. Broadway Maintenance Corp.*, 51 AD2d 911 (381 NYS2d 62) (1976) (where the employee's claim for damages due to the employer's alleged violation of the Labor Law was held to be barred by the New York Workers' Compensation Act); *Gordon v. Burgess Constr. Co.*, 425 P2d 602 (Alaska 1967) (where an action by the employee pursuant to the Alaska Defective Machinery Act was held to be barred by that state's Workers' Compensation Act).

In some jurisdictions, exceptions to this general rule are expressly provided by statute. For example, the workers' compensation law of Arizona permits the employee to make an election to bring either a compensation claim or a claim at common law against an employer for wilful misconduct or intentional injury. Ariz. Rev. Stat. Ann. § 23-1022 (A) & (B) (1956). Other states grant a right to bring an action in tort to recover the excess of damages over the benefits allowed where the employee was injured by wilful or intentional conduct of the employer. See, e.g., W. Va. Code § 23-4-2 (b) (1966); Wash. Rev. Code § 51.24020 (1981). Other states impose a percentage increase in the workers' compensation award where the employer has failed to comply with statutory duties. See, e.g., Ark. Stat. Ann. § 81-1310 (d) (1976); S. C. Code Ann. § 42-9-70 (1976). The Georgia Workers' Compensation Act makes no statutory exception to the exclusive remedy provision. That section of the Workers' Compensation Act setting forth the exclusive remedy has been amended and re-enacted on several occasions since the Crane Act was enacted in 1960. It would be

improper to declare the Crane Act to be an exception to the long-standing exclusive remedy provision.

Moreover, to recognize the Crane Act as a remedy available to an employee in addition to benefits imposed by the Workers' Compensation Act would make substantial, if not devastating, inroads in the workers' compensation scheme. The Crane Act is merely one of several safety standards administered by the Commissioner of Labor. For example, OCGA § 34-1-1 establishes certain safety requirements for scaffolding and staging design. Like the Crane Act, violation of the scaffolding regulations is a punishable criminal offense. Chapter 2 of Title 34 of the Official Code of Georgia Ann., Labor & Industrial Relations, grants to the Commissioner of Labor authority to promulgate safety rules and regulations. Criminal penalties are imposed for violations of rules and regulations promulgated by the Commissioner of Labor. OCGA § 34-2-13.

The trial court did not err in the instant case in holding that a cause of action against an employer under the Crane Act is barred by the Workers' Compensation Act.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 28, 1987 —
REHEARING DENIED JUNE 9, 1987 — 

*James C. Carr, Jr., Gene Mac Winburn, John J. Barrow*, for appellants.

*Robert C. Martin, Jr., Ronald W. Self*, for appellees.