A96A1260. SANTANA et al. v. FIRST GUARANTY MANAGEMENT CORPORATION et al.
(477 SE2d 857)

McMURRAY, Presiding Judge.

As Salomen Santana, Juan Santillan and Hector Berrios ("the painters") were painting an apartment building owned by Sherwood Associates, a Limited Partnership, and Sherwood Apartments, Inc. ("the owners"), they were injured by high-voltage electricity from Georgia Power Company's ("Georgia Power") overhead power cable. The incident occurred while the painters were raising an extension ladder to the building's second-story eave. An electrical bolt hit the

painters when the ladder either touched or came too close to the nearby power cable, which was more than 28 feet off the ground but less than 56 inches from the targeted work area. The gap between the eave and the power cable did not comply with standards prescribed by the National Electric Safety Code. And according to an experienced electrical engineer, the cable's positioning presented an unreasonable and foreseeable risk of harm to laborers working on or near the owners' apartment building.

Santana, Santillan, Berrios and others (plaintiffs) asserted a damage suit, contending Georgia Power negligently installed and maintained its high-voltage power cable and that this negligence is a proximate cause of their injuries. Plaintiffs also charged the owners and the owners' property manager, First Guaranty Management Corporation ("the proprietor"), for failing to provide Santana, Santillan, and Berrios with a safe place to work and failing to warn the painters about the perilously placed power cable. Plaintiffs further asserted — in fending off the proprietor's motion for summary judgment — that the proprietor is responsible for their injuries because the proprietor did not provide Georgia Power with notice, as required by OCGA §§ 46-3-33 and 46-3-34 (b), of the activities which brought the painters within ten feet of the high-voltage power cable.

This appeal is from an order granting the proprietor's motion for summary judgment. The case against Georgia Power remains in the trial court. *Held*:

1. The "superior knowledge" rule generally applies in premises liability cases.[1] This rule provides that " ' "[t]he true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." (Cits.) One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence.' (Cits.) (*McKnight v. Guffin*, 118 Ga. App. 168, 169 (162 SE2d 743) (1968).)" *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391 (3), 392, supra.

In the case sub judice, plaintiffs admit the painters had just as much opportunity to observe the overhead power cable as did the pro-

---

[1] This is different from the duty owed by an electric utility. "One maintaining high tension lines must maintain them in such a manner and at such a location as not to injure persons who might reasonably be expected to come in contact with them. *Carden v. Ga. Power Co.*, 231 Ga. 456-457 (202 SE2d 55)." (Emphasis omitted.) *Buckner v. Colquitt EMC*, 206 Ga. App. 69, 70 (424 SE2d 299). See *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498, 499 (2) (304 SE2d 542). Compare *Atlanta Gas Light Co. v. Gresham*, 260 Ga. 391 (394 SE2d 345).

prietor.[2] But they argue that the cable was not an open and obvious hazard to the painters because they are "Mexican nationals and could not read or write English . . ." and because the high-voltage power cable appeared to be a harmless wire, no different than the non-electrical utility cables that were also strung near the accident scene. This logic, however, bends both ways when comparing the parties' relative knowledge of the hazard. For instance, the proprietor's property manager also testified that the high-voltage power cable appeared harmless to him, explaining that he knew nothing about the high-voltage cable's location or electrical properties before the painters' injuries. Thus, just as the painters could not openly observe the hazard, nor could the proprietor. The pivotal question then is whether the proprietor had an affirmative duty to identify Georgia Power's high-voltage power cable and protect the painters against dangers associated with working near the cable.

In *Williams v. Nico Indus.*, 157 Ga. App. 814 (278 SE2d 677), disapproved on other grounds in *Malvarez v. Ga. Power Co.*, 250 Ga. 568, 569 (300 SE2d 145), a subcontractor's employee was injured during a renovation project "while painting the exterior wall of an apartment building owned by ITR Properties, Inc. (ITR). [The injured employee] was standing on a 40 foot aluminum ladder approximately 35 feet above the ground. He was using a paint roller attached to an 8 foot extension handle, which came in contact with, or close enough to, a high voltage electric line to conduct a severe electrical shock to [the employee], causing him to fall off the ladder." *Williams v. Nico Indus.*, 157 Ga. App. 814, supra. This Court affirmed the denial of ITR's motion for summary judgment, holding (in pertinent part) that former Code Ann. § 105-401, now OCGA § 51-3-1, imposes a duty upon the party controlling the premises during a renovation project to guard against hazards associated with work activities near high-voltage power cables. The Court thus concluded (in pertinent part) that proof regarding ITR's use and control of the premises during the renovation project — albeit diminished — was sufficient to raise genuine issues of material fact as to whether ITR, ITR's general contractor, or both were in control of the premises at the time of the accident and thus subject to liability under former Code Ann. § 105-401, now OCGA § 51-3-1, for the subcontractor's employee's injuries. *Williams v. Nico Indus.*, 157 Ga. App. 814, 816 (2) (b), 817, supra.

Just as in *Williams*, the painters in the case sub judice were

---

[2] Photographs of the accident scene support this concession, revealing that the power cable was neither obscured from view nor too thin or high to discern from ground level. These photographs, as well as other proof, reveal that the power cable was suspended on utility poles along an adjacent roadway, was just over twenty-eight feet off the ground and was less than five feet from the targeted work-area.

employees of a subcontractor who was engaged in a renovation project on the owners' premises. And like the landowner in *Williams*, the proprietor in the case sub judice maintained use and control over the premises during the renovation project, including control over the flow of power via the high-voltage cable that electrified the painters. Consequently, for the same reasons this Court affirmed the denial of ITR's motion for summary judgment in *Williams v. Nico Indus.*, 157 Ga. App. 814, 816 (2) (b), 817, supra, we reverse the trial court's granting of the proprietor's motion for summary judgment. Compare *Anderson v. Saffold*, 134 Ga. App. 31, 34 (213 SE2d 127).

2. Plaintiffs contend the proprietor is also responsible for their injuries for failing to give Georgia Power prior notice as required by OCGA §§ 46-3-33 and 46-3-34 (b). This contention is without merit for the reasons stated in *Johnson v. Richardson*, 202 Ga. App. 470 (1) (414 SE2d 698).

*Judgment reversed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 25, 1996 —
RECONSIDERATION DENIED NOVEMBER 6, 1996 —

*Wall & Noonan, Douglas T. Noonan*, for appellants.

*Troutman Sanders, Robert L. Pennington, McLain & Merritt, William S. Sutton, Parkerson, Shelfer & Groff, I. J. Parkerson, Hamilton, Westby, Marshall & Antonowich, Steven A. Westby*, for appellees.