### A96A1013. CITY OF DALTON v. GENE ROGERS CONSTRUCTION COMPANY.
(479 SE2d 171)

ANDREWS, Judge.

The City of Dalton appeals the trial court's order granting Gene Rogers Construction Company's motion for summary judgment. The City argues on appeal that the trial court erred in finding its third party indemnity action against Rogers Construction under the High-voltage Safety Act, OCGA § 46-3-30 et seq., was barred by the exclusive remedy provision of the Workers' Compensation Act. We disagree and affirm the judgment of the trial court.

This action arose out of an injury to one of Rogers Construction's employees, Danny Headrick. Headrick received a severe electrical shock when a piece of iron he was trying to reposition came into contact with a power line owned by the City of Dalton d/b/a Dalton Utilities. Headrick and his wife sued the City for negligence and loss of consortium. The City denied liability and filed a third-party indemnity action against Rogers Construction pursuant to Georgia's High-voltage Safety Act. The pertinent provisions of this Act are as follows: "No person, firm or corporation shall commence any work . . . if at any time any person or any [work-related] item . . . may be brought within ten feet of any high-voltage line unless and until . . . [t]he person responsible for the work has given the notice required by [the provisions of the Act]; *and* . . . [t]he owner or operator of such high-voltage line has effectively guarded against danger from acci-

dental contact by either de-energizing and grounding the line, relocating it, or installing protective covering or mechanical barriers, whichever safeguard is deemed by the owner or operator to be feasible under the circumstances." (Emphasis supplied.) OCGA § 46-3-33. "The person responsible for the work *shall* be responsible to assure that the [abovementioned] safety requirements . . . are completed prior to the commencement of any such work." (Emphasis supplied.) OCGA § 46-3-34 (e). In the event that the person responsible for the work fails to assure that the safety requirements have been met, and "subsequent activities within the vicinity of high-voltage lines result in damage to utility facilities or result in injury or damage to person or property [the person responsible for the work] shall be strictly liable for said injury or damage. . . . [The] person [responsible for the work] *shall also indemnify* the owner or operator of such high-voltage lines *against all claims, if any, for personal injury*, including death, property damage, or service interruptions, including costs incurred in defending any such claims resulting from work in violation of Code Section 46-3-33." (Emphasis supplied.) OCGA § 46-3-40 (b).

Rogers Construction moved for summary judgment, seeking dismissal of Dalton's third-party action on the ground that it was barred by the exclusive remedy provision of the Workers' Compensation Act, which states that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee. . . ." OCGA § 34-9-11 (a). Accordingly, the employee may not sue the employer in tort, and the employer may not be impleaded as a joint tortfeasor in an employee's action against a third party. See, e.g., *Weller v. Brown*, 266 Ga. 130 (464 SE2d 805) (1996); *K-Mart Apparel Corp. v. Temples*, 260 Ga. 871 (401 SE2d 5) (1991); *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91 (303 SE2d 108) (1983).

The trial court granted Rogers Construction's motion for summary judgment. Thereafter, the Headricks obtained a $300,000 verdict against the City, and the City now appeals the grant of summary judgment to Rogers Construction on the City's third-party claim for indemnification.

The trial court correctly found the High-voltage Safety Act did not create an exception to the exclusive remedy provision of the Workers' Compensation Act. In *Pappas v. Hill-Staton Engineers*, 183

Ga. App. 258, 259-260 (358 SE2d 625) (1987), a case almost directly on point, we found that, absent a specific statutory provision making an exception to the exclusive remedy provision, workers' compensation laws relieved employers, not only of common law liability, but also of statutory liability under federal and state statutes. Id. at 260. While *Pappas* interpreted the Crane Act, a predecessor to the High-voltage Safety Act, which did not include the provision on strict liability[1] and indemnification, the underlying issue is the same, namely, whether the Crane Act superseded the allegedly conflicting provisions of the Workers' Compensation Act. Id. at 258.

In *Pappas*, a wrongful death action was brought against the deceased's employer under the Crane Act, which imposed safety standards on, and created a theory of liability against, employers and owners and operators of hazardous high-voltage lines. Id. at 259. This Court held that "[i]t would be improper to declare the Crane Act to be an exception to the long-standing exclusive remedy provision." *Pappas* at 260-261, noting that the exclusive remedy provision "relieves the employer of not only common law [tort] liability, but also of *statutory liability under state and federal statutes*." (Emphasis supplied.) Id. at 260. See also Larson, The Law of Workmen's Compensation, § 65.30 (1996) ("the exclusiveness rule relieves the employer not only of common-law tort liability, but also of statutory liability under all state and federal statutes, as well as of liability in contract and in admiralty, for an injury covered by the compensation act").

The City's reliance on *Gen. Telephone Co. &c. v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984), and *Seaboard Coast Line R. Co. v. Maverick Materials*, 167 Ga. App. 160 (305 SE2d 810) (1983), is misplaced. As this Court was careful to point out in *Seaboard*, the issue in that case was one of *contractual* liability and whether an employer could waive the benefits of OCGA § 34-9-11 by express contract. *Seaboard*, supra at 162. The Court noted that third-party actions against an employer by a joint tortfeasor for contribution were still precluded by OCGA § 34-9-11, and the opinion makes clear that the employer is still immunized from any further liability in *tort*. *Seaboard*, supra. Accordingly, *Seaboard* and *Gen. Telephone* are not helpful in this case.

The rules of statutory construction also mandate against a finding that the legislature intended to supersede the exclusive remedy provision. " '[I]t is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the

---

[1] Indeed, if we find that the indemnification provision of the Act supersedes the exclusive remedy provision, it follows that the strict liability imposed upon the employer by this same provision could also be an exception to the provision.

existing condition of the law and with reference to it; that they are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts.' [Cits.]" *Buice v. Dixon*, 223 Ga. 645 (157 SE2d 481) (1967). Accordingly, we presume the legislature was aware of the exclusive remedy provision when they enacted the strict liability and indemnification provisions of the High-voltage Safety Act and they did not intend to create a conflict between the two. Thus, we will not find a subsequent statute supersedes the exclusive remedy provision absent an express statement that the legislature intended it to do so. See *Bryant v. Wal-Mart Stores*, 203 Ga. App. 770, 772 (417 SE2d 688) (1992) (there is nothing in the language of the RICO statute which indicates RICO was intended to supersede the exclusivity provisions of the Workers' Compensation Act); *Pappas*, supra.

Therefore, for the reasons discussed above, we find that without an express provision stating that the indemnification section of the High-voltage Safety Act was intended to supersede the exclusive remedy provision of the Workers' Compensation Act, the City of Dalton cannot pursue a claim for indemnification against the employer, Gene Rogers Construction Company. Accordingly, the trial court correctly granted summary judgment to Rogers Construction.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Johnson, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., and Pope, P. J., dissent.*

POPE, Presiding Judge, dissenting.

I respectfully dissent to the majority's conclusion that the Workers' Compensation Act bars Dalton's claim against Rogers Construction for indemnity under the High-voltage Safety Act. Although it is true that the Workers' Compensation Act shields an employer, who has paid workers' compensation benefits to an employee, from tort liability as a third-party defendant in a tort action brought by the employee, see *Ga. Dept. of Human Resources v. Joseph Campbell Co.*, 261 Ga. 822, 823 (1) (411 SE2d 871) (1992), the Workers' Compensation Act does not absolutely bar all third-party claims against the employer. For example, it is well settled that the Workers' Compensation Act does not bar a defendant, who is in contractual privity with an employer and has been sued by an employee, from enforcing a contractual right of indemnity in a third-party action against the employer. *Gen. Telephone Co. &c. v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984); *Seaboard Coast Line R. Co. v. Maverick Materials*, 167 Ga. App. 160, 163 (305 SE2d 810) (1983).

I believe that the indemnity provision found in the High-voltage

Safety Act should be given at least as much weight as a private indemnity agreement and, therefore, that it should be recognized as an exception to the workers' compensation bar based on the clear statutory language found in the High-voltage Safety Act.

In the instant case, there is no dispute that Rogers Construction failed to assure that Dalton had rendered its high-voltage line safe before Rogers Construction began work within ten feet of the line. As a result, based on the unequivocal language found in the High-voltage Safety Act, Rogers Construction has a statutory duty to indemnify Dalton "against all claims" including those for personal injury. OCGA § 46-3-40 (b). This statutory duty is similar to a contractual duty and just as binding because it is not based on an employer's status as a joint tortfeasor or on any statutory, common law or other right that an employee might have against his employer absent the exclusive remedy provision of the Workers' Compensation Act. Moreover, the phrase "against all claims" in the indemnification provision found in OCGA § 46-3-40 (b) and the penal nature of that provision manifest the legislature's intent that the right to indemnity found in the provision not be abridged by the exclusive remedy provision of the Workers' Compensation Act. To conclude otherwise renders the High-voltage Safety Act all but meaningless because it in large part negates any punishment for violation of the act.

Contrary to the majority's assertion, *Pappas v. Hill-Staton Engineers*, 183 Ga. App. 258, 259-260 (358 SE2d 625) (1987), is not almost directly on point, and it clearly does not dictate that Dalton's statutory indemnity claim against Rogers Construction be barred. That case is distinguishable from the instant case because it dealt with the predecessor to the High-voltage Safety Act, which was known as the Crane Act. The Crane Act, however, did not contain any indemnity provision. Instead, it only provided for criminal penalties against those who violated its safety provisions. Furthermore, *Pappas* involved a deceased employee's representative's attempt to recover damages for the employee's death based on negligence and negligence per se in violating the Crane Act. Such claims properly were barred by OCGA § 34-9-11 (a) because they constituted claims based on common law, statute or otherwise that originally could have been asserted by the employee against his employer, but for the existence of the workers' compensation bar, as opposed to a claim based on an independent duty that could not be asserted by an employee, of the type found in the High-voltage Safety Act or contractual indemnity provisions.

Based on the above reasoning, I believe the cases cited by Rogers Construction and those relied on by the majority also are distinguishable and not dispositive here. Moreover, because statutory remedies of the type found in the High-voltage Safety Act impose specific

duties, the enforcement of which would never be available to an employee in a suit against its employer, I find no support for any argument that recognition of such remedies as exceptions to the exclusive remedy provision of the Workers' Compensation Act would result in a flood of litigation.

In light of the above, I would reverse the trial court's grant of Rogers Construction's summary judgment motion.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED DECEMBER 5, 1996 — ■

*Leitner, Williams, Dooley & Napolitan, Sean A. Hunt, David W. Noblit*, for appellant.

*Bennett & Hamilton, Hubert E. Hamilton III, Finley & Buckley, Timothy J. Buckley III*, for appellee.