A97A2529. FLINT ELECTRIC MEMBERSHIP CORPORATION
v. ED SMITH CONSTRUCTION COMPANY, INC.
(495 SE2d 136)

BIRDSONG, Presiding Judge.

Appellant Flint Electric Membership Corporation appeals from an order granting summary judgment in behalf of appellee/third-party defendant Ed Smith Construction Company, Inc.

Suit was filed for damages for personal injury and loss of consortium by Edward and Patricia Lee against appellant Flint Electric who, contemporaneously with the filing of their answer, filed a third-party complaint against Ed Smith Construction Company relying upon the indemnity provisions of the "High-voltage Safety Act." See generally OCGA § 46-3-30 et seq. At the time of injury, Mr. Lee was an employee of appellee construction company. While the construction company was reconstructing a bridge and culvert, a crane being operated by one of its employees came in contact with a high-voltage line of appellant electric company. Mr. Lee who was on the job at the time sustained an electrical shock when electricity from appellant's lines passed through the crane's cable into a bundle of steel bars that he was touching. Thereafter, Mr. Lee filed a workers' compensation claim against the construction company and was awarded some weekly and medical benefits until the self-insured workers' compensation program went into receivership. Appellant's sole enumeration

is that the trial court erred in granting appellee's motion for summary judgment. Appellant contends that it was entitled to indemnity under the provisions of the High-voltage Safety Act and that such indemnity is not and should not be barred by the exclusive remedy provision of the Workers' Compensation Act. *Held*:

OCGA § 46-3-40 (b) of the High-voltage Safety Act pertinently provides: "Any person responsible for the work who violates the requirements of Code Section 46-3-33 [required conditions for commencing work within ten feet of high-voltage line] and whose subsequent activities within the vicinity of high-voltage lines result in . . . injury or damage to person or property shall be strictly liable for said injury or damage. Any such person shall also indemnify the owner or operator of such high-voltage lines against all claims, if any, for personal injury, including death, property damage, or service interruptions, including costs incurred in defending any such claims resulting from work in violation of Code Section 46-3-33." Except as exempted under §§ 46-3-37 and 46-3-48, which sections are not here applicable, the term, " '[p]erson responsible for the work' means the person actually doing the work as well as any person, firm or corporation who employs and carries on his payroll any person actually doing the work." OCGA § 46-3-32 (3). Although the above indemnity provisions are statutory, appellee construction company contends it cannot be subjected to suit, as a third party, in view of the exclusive remedy bar of the Workers' Compensation Act (OCGA § 34-9-11). OCGA § 34-9-11 (a) pertinently provides: "The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . , at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee. . . ."

The issue before us is whether and, if so, to what extent the workers' compensation exclusive remedy provision should bar the express indemnity provisions of the High-voltage Safety Act. This issue was resolved in *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819 (479 SE2d 171) (whole court). As stated in *City of Dalton*, supra at 820, the High-voltage Safety Act notwithstanding, "the employee may not sue the employer in tort, and the employer may not be impleaded as a joint tortfeasor in an employee's action against a third party." The High-voltage Safety Act does not create an exception to the exclusive remedy provision of the Workers' Compensation Act. Id. at 820; see also *Preston v. Ga. Power Co.*, 227 Ga. App. 449, 452 (1) (489 SE2d 573) (trial court did not err in holding plaintiff was

a borrowed servant and his claim, involving application of the High-voltage Safety Act, was barred by OCGA § 34-9-11 (a)).

We decline appellant's importuning to cause our holding in *City of Dalton*, supra, to be revisited and overruled; as appellant correctly concedes, *Dalton*, supra, "decided that the exclusive remedy bar did prevent actions such as the one brought by Flint Electric in this case."

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED DECEMBER 15, 1997 —

*Chambless, Higdon & Carson, Emmitte H. Griggs, Jon C. Wolfe, Joseph H. Davis, Daniel, Lawson, Tuggle & Jerles, Tom W. Daniel*, for appellant.

*Weissman, Nowack, Curry & Zaleon, Frances R. Mathis, Leigh M. Wilco*, for appellee.