A98A0156. GEORGIA POWER COMPANY v. FRANCO REMODELING COMPANY.

(505 SE2d 488)

POPE, Presiding Judge.

The sole issue in this case is whether the workers' compensation exclusive remedy provisions of OCGA § 34-9-11 (a) bar the express indemnity provisions of the High-voltage Safety Act, OCGA § 46-3-40 (b). Based on this Court's decision in *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819 (479 SE2d 171) (1996), which concluded that "the High-voltage Safety Act [does] not create an exception to the exclusive remedy provision of the Workers' Compensation Act," id. at 820, we are constrained to affirm the superior court's grant of summary judgment to Franco Remodeling.

In July 1993, plaintiffs Salomen Santana, Juan Santillan and Hector Berrios were painting an apartment building and were

injured when a metal ladder they were using touched an overhead electric line that was owned and operated by Georgia Power Company. There was no dispute that at the time of the accident, the plaintiffs were working for Franco Remodeling ("Franco"), a subcontractor engaged in a renovation project.

In July 1994, plaintiffs sued Georgia Power and the manager of the apartment complex. Plaintiffs later amended the complaint to include allegations against the owner and owner representative of the property. Plaintiffs alleged that Georgia Power negligently installed and maintained the power cable; that Georgia Power failed to adequately insulate the line; and that Georgia Power failed to warn others of the extremely high voltage present in the line. Plaintiffs' other allegations included claims that the managers of the apartment complex had superior knowledge of the danger of the high-voltage line and were liable for their failure to warn plaintiffs.[1]

Georgia Power answered the complaint, claiming that plaintiffs' suit was barred by OCGA § 46-3-30 et seq., because the work was being done within ten feet of a high-voltage line and no notice of the work had been given to it or to the Utilities Protection Center. Franco and Gulf Insurance Company filed a motion to intervene. They argued that Franco, through its insurer, Gulf, had paid more than $700,000 in workers' compensation benefits to the plaintiffs and that intervention was necessary to protect and enforce their subrogation lien under OCGA § 34-9-11.1 in the event that plaintiffs recovered. Georgia Power cross-claimed against Franco, claiming that under the High-voltage Safety Act, Franco was liable for plaintiffs' damages and for Georgia Power's defense costs.

Franco then filed a motion for summary judgment, arguing that because the plaintiffs' injuries indisputably arose from their employment, Georgia Power's claims were barred by the exclusivity provisions of OCGA § 34-9-11 (a). Georgia Power filed a cross-motion for partial summary judgment, arguing that there was no dispute that Franco had failed to comply with the provisions of the High-voltage Safety Act, and that there was no issue as to Franco's liability to indemnify Georgia Power against the plaintiffs' claims.

In *Santana v. Ga. Power Co.*, 269 Ga. 127 (498 SE2d 521) (1998), our Supreme Court affirmed the trial court's grant of summary judgment to Georgia Power on the issue of Georgia Power's liability to the plaintiffs. *Santana* concluded that the trial court's grant of summary judgment to Georgia Power was proper because of the appellants' and their employer's failure to give the statutorily required notice of the

---

[1] In *Santana v. First Guaranty Mgmt. Corp.*, 223 Ga. App. 472 (477 SE2d 857) (1996), this Court reversed the grant of summary judgment to the owners/manager of the apartment building.

work near a high-voltage line. Accordingly, Georgia Power's cross-claim against Franco for indemnification is moot. Nevertheless, based on OCGA § 46-3-40 (b), Georgia Power also asserted a claim for defense costs and that claim is not rendered moot by the Supreme Court decision.

We conclude that the superior court properly granted Franco's motion for summary judgment, correctly concluding that the case was controlled by *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819. See also *Flint Elec. Membership Corp. v. Ed Smith Constr. Co.*, 229 Ga. App. 838 (495 SE2d 136) (1997); *Preston v. Ga. Power Co.*, 227 Ga. App. 449, 452 (1) (489 SE2d 573) (1997); compare *Allen v. King Plow Co.*, 227 Ga. App. 795 (490 SE2d 457) (1997).

The pertinent provisions of OCGA § 46-3-40 (b) of the High-voltage Safety Act are as follows: " '[a]ny person responsible for the work who violates the requirements of Code Section 46-3-33 (required conditions for commencing work within ten feet of high-voltage line) and whose subsequent activities within the vicinity of high-voltage lines result in . . . injury or damage to person or property shall be strictly liable for said injury or damage. Any such person shall also indemnify the owner or operator of such high-voltage lines against all claims, if any, for personal injury, including death, property damage, or service interruptions, including costs incurred in defending any such claims resulting from work in violation of Code Section 46-3-33.' " *Flint Elec. Membership Corp. v. Ed Smith Constr. Co.*, 229 Ga. App. at 839.

OCGA § 34-9-11 (a) provides: "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee. . . ."

In *City of Dalton* and *Flint Elec. Membership Corp.*, the appellants argued that they were entitled to indemnity under the provisions of the High-voltage Safety Act and that such indemnity was not barred by the exclusive remedy provision of the Workers' Compensation Act. In both cases, this Court held that the High-voltage Safety Act does not create an exception to the exclusive remedy provision of the Workers' Compensation Act. Based on the holdings of these cases, we affirm the grant of summary judgment to Franco.

In concluding, we note that the dilemma posed by the interrelation of these two statutes is complex. On the one hand, the rights and remedies provided by workers' compensation law protect workers

who are injured in any work-related incident. On the other hand, the High-voltage Safety Act was enacted to protect workers from injury or death from electric lines. Thus, the High-voltage Safety Act imposes strict liability and even criminal penalty when the legally required precautions are not taken. OCGA § 46-3-40. By not making an exception in the workers' compensation statute for the High-voltage Safety Act, the legislature has expressed its will that the exclusivity provisions of the workers' compensation statute prevail. But, in deciding not to create an exception to the workers' compensation bar, the legislature has taken the teeth out of the High-voltage Safety Act. The present interpretation of the two statutes means that an employee who has been paid workers' compensation benefits can never enforce the High-voltage Safety Act in a suit against his/her employer. Regardless of other incentives available under the statute to ensure employer compliance with the its provisions, in reality, this interpretation means that few injured workers can avail themselves of the protection of the High-voltage Safety Act.

*Judgment affirmed. Ruffin, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

The trial court was correct. The reason Georgia Power Company as "owner or operator of [the] high-voltage lines" was not entitled to recover "costs incurred in defending [plaintiffs'] claims," as permitted by OCGA § 46-3-40 (b) by way of indemnification from the non-complying employer, is that the employer provided workers' compensation coverage to the plaintiffs/employees. *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819 (479 SE2d 171) (1996).

The legislature has decided the public policy in such instances and has chosen to assign the risks in this manner. No one wishes to expose workers to injury or death from electric lines. To protect against it, the High-voltage Safety Act imposes strict liability and even criminal penalty when the legally required precautions are not taken. OCGA § 46-3-40. But it is a deeply imbedded and long-standing public policy to protect workers injured in any work-related incident, regardless of the means, by the expedient of workers' compensation coverage which allows recovery without regard to fault. OCGA § 34-9-1 et seq. The rights and remedies provided by the workers' compensation law are exclusive, OCGA § 34-9-11, and the employer who complies with that law is relieved of other types of claims as quid pro quo. Since the legislature chose not to make an exception for the reach of the High-voltage Safety Act, the courts must enforce the will the legislature has expressed. It is best equipped to weigh the competing interests and to structure liabilities after taking the various risks and benefits into account when decid-

ing that one scheme as opposed to another would best serve the public. The court has no power to substitute its wisdom in such instances.

Without notice, the owner or operator of electric lines is spared liability even where they are not properly located and maintained. *Santana v. Ga. Power Co.*, 269 Ga. 127 (498 SE2d 521) (1998). But that means also that where the innocent utility owner is hauled into court without justification[2] and the law expressly allows indemnification to it for defense costs,[3] the humane purposes of the workers' compensation law are impliedly favored by the legislature over the interest of the utility owner or operator.

In consequence, by providing workers' compensation benefits to the injured employee, even the employer who neglects to notify the electric line owner or operator is shielded from indemnity liability. This may be seen as part of the incentive to assure benefits to the injured employee. That is not to say that the employer then has little incentive to fulfill the notice requirement of OCGA § 46-3-33; it is still subject to criminal penalty, not to mention humanitarian motivations and workers' compensation costs.

Georgia Power Company's arguments imploring that *City of Dalton* should be overruled would be more appropriate for the ears of the legislature.

ON MOTION FOR RECONSIDERATION.

On June 16, the day after our opinion in the above case was decided, the Supreme Court of Georgia granted cert. in *Flint EMC v. Ed Smith Constr. Co.*, 229 Ga. App. 838 (495 SE2d 136) (1997), specifically on the issue of whether the exclusive remedy provisions of the Workers' Compensation Act can preclude claims for indemnity under the High-voltage Safety Act. In its motion for reconsideration, Georgia Power argues that this Court should reconsider its decision in the above case or vacate the opinion until the Supreme Court rules in the *Flint EMC* case. Although we are constrained by existing law in the present case, we note that the dissent in *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819, 822 (479 SE2d 171) (1996), espoused a different position. Although the Supreme Court may adopt the position taken by the dissent in *City of Dalton*, the Georgia Constitution mandates that this opinion issue within two terms and we are unable to delay our decision to await the Supreme Court's pronouncement.

---

[2] As in this case due to *Callaway v. Crown Crafts*, 223 Ga. App. 297, 299 (3) (477 SE2d 435) (1996).

[3] OCGA § 46-3-40 (b).

DECIDED JUNE 15, 1998 —
RECONSIDERATION DENIED JULY 30, 1998 — 

*Troutman Sanders, Scott A. Farrow, Robert L. Pennington,* for appellant.

*Magill & Atkinson, David M. Atkinson,* for appellee.

