## S98G0593. FLINT ELECTRIC MEMBERSHIP CORPORATION v. ED SMITH CONSTRUCTION COMPANY, INC.
(511 SE2d 160)

HUNSTEIN, Justice.

Lee, an employee of appellee Ed Smith Construction Company, Inc., was injured on the job when a crane came into contact with a high voltage line owned by appellant Flint Electric Membership Corporation and electricity passed through the crane to steel bars Lee was touching. Lee received benefits under the Workers' Compensation Act (WCA), OCGA § 34-9-1 et seq. He and his wife thereafter filed suit against Flint for personal injury and loss of consortium. Flint sought indemnification from the construction company pursuant to OCGA § 46-3-40 (b) of the High-voltage Safety Act (HVSA), OCGA § 46-3-30 et seq., which provides that an entity operating within the vicinity of high-voltage lines is strictly liable for resulting injuries and must indemnify the power-line owner against suit. The trial court granted the construction company's motion for summary judgment on the basis that the exclusivity provision of the WCA barred Flint's claim for indemnification under the HVSA. The Court

of Appeals affirmed, *Flint EMC v. Ed Smith Constr. Co.*, 229 Ga. App. 838 (495 SE2d 136) (1997), and we granted Flint's petition for certiorari to consider whether the exclusive remedy provision of the WCA precludes all claims for indemnity under the HVSA. Finding that it does not, we reverse.

OCGA § 34-9-11 (a) provides that "[t]he rights and the remedies granted to an employee by [the WCA] shall exclude all other rights and remedies of such employee . . . on account of such injury, loss of service, or death." Hence, in Georgia the WCA constitutes an employee's exclusive remedy against his employer, and an employee who receives the benefit of the coverage provided by the WCA waives any cause of action against his employer. *Doss v. Food Lion*, 267 Ga. 312 (1) (477 SE2d 577) (1996). An employee's ability to seek indemnity or contribution from his employer is likewise precluded. See *Sargent Indus. v. Delta Air Lines*, 251 Ga. 91, 92 (303 SE2d 108) (1983). Georgia law has recognized, however, that the exclusivity provision of the WCA does not serve as an absolute bar since it does not prevent contractual indemnity actions by third parties who have been the subject of suits filed by employees against the plaintiff's employer. E.g., *General Telephone Co. &c. v. Trimm*, 252 Ga. 95, 96-97 (311 SE2d 460) (1984). Because such actions are based upon a contractual relationship between the employer and a third party, contractual indemnity actions are distinguishable from indemnity and contribution actions filed by employees "on account of" injury or death. OCGA § 34-9-11 (a).

In OCGA § 46-3-40 of the HVSA, the Legislature enacted a legislative indemnity provision which applies to any party who, while working within ten feet of any high-voltage line in this State, failed under OCGA § 46-3-33 to notify the utilities protection center and/or await the taking of appropriate safeguarding action by the power-line owner. As set forth in OCGA § 46-3-40 (b), any party who violates these statutory safety precautions "shall also indemnify the owner or operator of such high-voltage lines against all claims, if any, for personal injury . . . resulting from work in violation of Code Section 46-3-33."

An indemnity action against an employer by a power-line owner pursuant to the HVSA is based strictly on the legislative enactment; hence, it is not an action by an injured employee "on account of" a work-related injury and is, instead, an action comparable to the contractual indemnity actions the courts have recognized as exceptions to the WCA's exclusivity provision. As noted in 7 Larson's Workers' Compensation Law, § 76.50,

> [i]f the third party and employer stand in a special legal relationship that carries with it the obligation of the em-

ployer to indemnify the third party, this relational right of indemnity may be enforced without offending the exclusive-remedy clause.

(Footnote omitted.) Id. at 14-857. A review of the foreign jurisdictions which have addressed this question reveals a uniform determination that indemnity provisions in high-voltage safety statutes are not barred by exclusivity provisions in workers' compensation acts. See, e.g., *Travelers Ins. v. L. V. French Tr. Svc.*, 770 P2d 551 (Okl. 1988); *Tucson Elec. v. Swengel-Robbins Constr. Co.*, 737 P2d 1385, 1387 (Ariz. App. 1987); *Houston Lighting &c. Co. v. Eller Outdoor Adv.*, 635 SW2d 133 (Tex. App. 1982).

The Court of Appeals, however, held that the exclusivity provision of the WCA bars operation of the express legislative indemnity provision of the HVSA based on its earlier holding in *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819 (479 SE2d 171) (1996) (cert. abandoned or withdrawn, 223 Ga. App. at 909). That case relied upon *Pappas v. Hill-Staton Engineers*, 183 Ga. App. 258 (358 SE2d 625) (1987), a case distinguishable on the basis that it was rendered prior to the enactment of the specific statutory provision in the HVSA in issue here. Furthermore, while the *City of Dalton* court reiterated the rule of statutory construction that the legislature presumptively enacts statutes with full knowledge of the law, id. at 821-822, that court focused solely on the legislature's awareness of the WCA exclusivity provision and overlooked the legislature's presumed knowledge of case law recognizing that the exclusivity provision may be waived by contract. *General Telephone Co. &c. v. Trimm*, supra, 252 Ga. at 96-97. The *City of Dalton* court's interpretation also created a conflict between the WCA and the HVSA which rendered the HVSA indemnity statute meaningless in any situation involving an employer who violates the HVSA safety provisions but whose injured employee received benefits under the WCA.

We find that the better construction of these two statutes is to hold that the indemnity provision of the HVSA may be enforced without offending the exclusive remedy provision of the WCA by according indemnity actions pursuant to the HVSA the same dignity case law has given contractual indemnity provisions executed by private parties. Thus, while the WCA remains an employee's sole remedy against an employer on account of a work-related injury, OCGA § 34-9-11 (a), the HVSA authorizes a power-line company to obtain indemnification from an employer on account of the employer's failure to abide by the safety provisions in the HVSA. OCGA § 46-3-40 (b). Accordingly, we reverse the opinion of the Court of Appeals and overrule all opinions which conflict with this holding. E.g., *Ga. Power Co. v. Franco Remodeling Co.*, 233 Ga. App. 640 (505 SE2d 488) (1998);

*City of Dalton*, supra.
 *Judgment reversed. All the Justices concur.*

DECIDED JANUARY 11, 1999 —
RECONSIDERATION DENIED FEBRUARY 8, 1999.

 *Chambless, Higdon & Carson, Jon C. Wolfe, Joseph H. Davis, Daniel, Lawson, Tuggle & Jerles, Tom W. Daniel,* for appellant.
 *John A. Pickens, W. Michael Moran,* for appellee.