## A98A0156. GEORGIA POWER COMPANY v. FRANCO REMODELING COMPANY.

(525 SE2d 152)

POPE, Presiding Judge.

In July 1993, plaintiffs Salomen Santana, Juan Santillan, and Hector Berrios were painting an apartment building and were injured when a metal ladder they were using touched an overhead electric line that was owned and operated by Georgia Power Company. At the time of the accident, plaintiffs were working for Franco Remodeling, a subcontractor on the renovation project. Plaintiffs sued Georgia Power and other defendants. Georgia Power answered the complaint, claiming that suit was barred by the High-voltage Safety Act, OCGA § 46-3-30 et seq., because the work was being done within ten feet of a high-voltage line and no notice of the work had been given to it or to the Utilities Protection Center. Franco, which through its insurer had paid workers' compensation benefits to the plaintiffs, intervened in the action. Georgia Power cross-claimed against Franco, claiming that under the High-voltage Safety Act, Franco was liable for plaintiffs' damages and for Georgia Power's defense costs.

Franco filed a motion for summary judgment, arguing that because the plaintiffs' injuries indisputably arose from their employment, Georgia Power's claims were barred by the exclusivity provisions of the Workers' Compensation Act. Georgia Power filed a cross-motion for partial summary judgment, arguing that there was no dispute that Franco had failed to comply with the provisions of the High-voltage Safety Act and was, therefore, liable to Georgia Power.

1. In *Ga. Power Co. v. Franco Remodeling Co.*, 233 Ga. App. 640 (505 SE2d 488) (1998), we affirmed the superior court's grant of summary judgment to Franco. Our decision was based on this court's decision in *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819 (479 SE2d 171) (1996), which concluded that the High-voltage Safety Act did not create an exception to the exclusive remedy provisions of the Workers' Compensation Act.

In *Flint Elec. Membership Corp. v. Ed Smith Constr. Co.*, 270 Ga. 464, 466 (511 SE2d 160) (1999),[1] our Supreme Court reversed this court's decision in *Flint Elec. Membership Corp. v. Ed Smith Constr. Co.*, 229 Ga. App. 838 (495 SE2d 136) (1997), and determined that the indemnity provision of the High-voltage Safety Act could be enforced without offending the exclusive remedy provision of the Workers' Compensation Act. In so doing, the Supreme Court also

---

[1] The Supreme Court's opinion in *Flint Elec. Membership Corp.*, 270 Ga. 464, comports with this author's dissent in *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. at 822 (Pope, P. J., dissenting).

overruled *City of Dalton v. Gene Rogers Constr. Co.*, 223 Ga. App. 819, and our earlier decision in *Ga. Power Co. v. Franco Remodeling Co.*, 233 Ga. App. 640. The Supreme Court then remanded this case in light of its holding.

Accordingly, our prior judgment is vacated, and, based on the Supreme Court's decision in *Flint Elec. Membership Corp.*, we conclude that the superior court erred in granting summary judgment to Franco.

2. Next we address Georgia Power's argument that the superior court erred in denying its motion for partial summary judgment because there was no dispute that Franco failed to comply with the provisions of the High-voltage Safety Act.

We first note that in a related case *Santana v. Ga. Power Co.*, 269 Ga. 127 (1) (498 SE2d 521) (1998), our Supreme Court affirmed the trial court's grant of summary judgment to Georgia Power on the issue of its liability to the plaintiffs. *Santana* concluded that the trial court's grant of summary judgment to Georgia Power was proper because of plaintiffs' and Franco's failure to notify Georgia Power or a Utilities Protection Center of the work they were doing near a high-voltage line, as required by the act. Thus, the court concluded that Georgia Power could not be held liable for damages incurred as a result of the plaintiffs' contact with the line. Id. at 128.

Accordingly, to the extent that Georgia Power's cross-claim against Franco for indemnification was based on plaintiffs' claims, those claims are moot. Nevertheless, Georgia Power also asserted a claim against Franco under OCGA § 46-3-40 (b) for defense costs and that claim is still viable.

OCGA § 46-3-40 (b) provides:

> Any person responsible for the work who violates the requirements of Code Section 46-3-33 and whose subsequent activities within the vicinity of high-voltage lines result in damage to utility facilities or result in injury or damage to person or property shall be strictly liable for said injury or damage. Any such person shall also indemnify the owner or operator of such high-voltage lines against all claims, if any, for personal injury, including death, property damage, or service interruptions, including costs incurred in defending any such claims resulting from work in violation of Code Section 46-3-33.

OCGA § 46-3-32 (3) provides that: " '[p]erson responsible for the work' means the person actually doing the work as well as any person, firm, or corporation who employs and carries on his payroll any person actually doing the work or who employs a subcontractor who

actually does the work."

In its motion for summary judgment, Georgia Power established the following undisputed facts: (1) plaintiffs were injured when a ladder they were using to paint an apartment building contacted a Georgia Power Company overhead electric line; (2) at the time of their injuries plaintiffs were working for Franco Remodeling; (3) notice was not given to Georgia Power or a Utilities Protection Center; and (4) work was being performed within ten feet of the high-voltage line. Franco conceded that these facts were undisputed.

Georgia Power established that Franco was a "[p]erson responsible for the work" and that under the statute, Franco was liable to Georgia Power.[2] See generally *Preston v. Ga. Power Co.*, 227 Ga. App. 449, 454-455 (2) (489 SE2d 573) (1997). Accordingly, the court erred in denying Georgia Power's motion for partial summary judgment.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 12, 1999.

*Troutman Sanders, Robert L. Pennington, Scott A. Farrow*, for appellant.

*Magill & Atkinson, David M. Atkinson*, for appellee.

---

[2] Although Georgia Power established here that Franco was "a person responsible for the work" under the statute, it is conceivable that other entities could also be parties responsible for the work. See *Callaway v. Crown Crafts*, 223 Ga. App. 297, 301 (3) (477 SE2d 435) (1996) (Beasley, C. J., concurring specially).