## 58302. GEORGIA POWER COMPANY v. PURSER.

Banke, Judge.

Plaintiff brought this personal injury action against defendant, Georgia Power Company, alleging that he had suffered injuries as the result of defendant's negligence in maintaining its electric wires. The trial court declared a mistrial because of the jury's inability to reach a verdict, and defendant moved for judgment notwithstanding the mistrial. This appeal is from the denial of that motion.

Plaintiff was working as a "rodman" on a surveying project at the time of his injury. A reading in the survey was required at a point where an earth dam holding a pond was located. Over this point ran defendant's 46,000-volt power line. Because of a gradual build-up of the dam, the clearance between the ground and the power line had been reduced to about 14 feet. There was evidence that this clearance was too low to satisfy the National Electric Safety Code standard in effect at the time. Whether Georgia Power knew or should have known of this reduction in clearance is in dispute.

In performing his duty as a "rodman," plaintiff placed a 15-foot surveyor's rod between defendant's power lines. Although his testimony is somewhat vague as to how close the rod approached the line, he stated that he did not allow it to touch the line. However, he also testified

that the pole had a metal tape on it; that he knew that the power lines were bare and energized; that he knew if he touched the lines with the pole he might get hurt; that he was frightened of this possibility; and that what he was doing "was a good way to commit suicide." Plaintiff was severely burned by electricity from the line. *Held:*

"A motion for judgment notwithstanding a mistrial is analogous to a motion for a directed verdict or motion for judgment notwithstanding the verdict in that the same can be sustained only where '[t]here is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict.'" *Gordon v. Carter,* 126 Ga. App. 343, 344 (190 SE2d 570) (1972). Accord *Georgia Power Co. v. Owens,* 124 Ga. App. 660 (186 SE2d 294) (1971). See Code Ann. § 81A-150. We will assume arguendo for the purpose of this appeal that there was sufficient evidence presented to form a jury question as to the defendant's negligence in allowing the ground clearance between its power lines and the top of the dam to fall below minimum standards. Thus, the correctness of the ruling of the trial court depends upon whether or not a jury could properly find that such negligence was the proximate cause of the plaintiff's injuries. Intertwined with this consideration is the question whether or not the plaintiff was guilty of contributory negligence which would preclude his recovery as a matter of law.

"If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." Code Ann. § 105-603. See *Ga. R. & Banking Co. v. Auchinachie,* 142 Ga. 513 (4) (83 SE 127) (1914). From plaintiff's own testimony, it is apparent as a matter of law both that he could have avoided the consequences of the defendant's negligence by declining to place the rod between the power lines and that he was fully aware of the danger. Thus, plaintiff's own negligence, without regard to any negligence of the defendant, was the proximate cause of his injury. *Douberly v. Okefenokee Rural Elec. Membership Corp.,* 146 Ga. App. 568 (246 SE2d 708)

(1978).. Although ordinarily "questions as to such negligence as well as other questions of negligence by the parties ... present issues for the jury ...," they will be held as a matter of law when "plain and palpable." See *N. DeKalb Little League, Inc. v. Holland,* 119 Ga. App. 439 (168 SE2d 169) (1969).

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 16, 1979 — REHEARING DENIED NOVEMBER 2, 1979.

*Robert L. Pennington, Frederick E. Link,* for appellant.

*W. Carl Reynolds, Clifford Alexander,* for appellee.