60866. WILLIAMS et al. v. NICO INDUSTRIES, INC. et al.
60867. ITR PROPERTIES, INC. v. WILLIAMS et al.

SOGNIER, Judge.

Appellant Marvin Williams, an employee of Power Painting Co., was injured while painting the exterior wall of an apartment building owned by ITR Properties, Inc. (ITR). Appellant was standing on a 40 foot aluminum ladder approximately 35 feet above the ground. He was using a paint roller attached to an 8 foot extension handle, which came in contact with, or close enough to, a high voltage electric line to conduct a severe electrical shock to appellant, causing him to fall off the ladder.

Williams sued Georgia Power, ITR, Nico Industries (Nico), the general contractor in charge of renovation of the apartment building, Cushman & Wakefield of Georgia, Inc. (C&W), the project consultant and owner's representative for ITR, and Ken Edwards Enterprises, Inc. (Edwards), the manager of the apartments for ITR. Mrs. Williams sued the same parties for loss of consortium. All five defendants moved for summary judgment, which was granted. The trial court held that as a matter of law, Mr. Williams' own negligence was the proximate cause of his injuries and that with the exception of ITR, none of the defendants had failed to exercise ordinary care for his safety. Both Mr. and Mrs. Williams appeal the grant of summary judgment against them. In a cross appeal, ITR contends the trial court's ruling as to its breach of duty to Williams was erroneous.

1. Appellants contend that the trial court erred in granting summary judgment based on Mr. Williams' contributory negligence. Appellees rely on, and the trial court cites as authority, *Ga. Power Co. v. Purser,* 152 Ga. App. 181 (262 SE2d 473) (1979), for the proposition that as a matter of law, Mr. Williams was fully aware of the danger involved in painting a building near high voltage electrical wires. We think such reliance is misplaced. In *Purser,* the plaintiff testified that he knew the power lines with which he came in contact were bare and energized; that he knew if he touched the lines with the pole he was using he would be hurt; that he was frightened of this possibility; and

that what he was doing "was a good way to commit suicide." This court held that in such a "plain and palpable" case, it was apparent, that as a matter of law, plaintiff could have avoided the consequences of defendant's negligence and that he was fully aware of the danger. *Ga. Power Co. v. Purser,* supra, pp. 182, 183.

The instant case is not so plain and palpable. Appellant's testimony and the testimony of the only eyewitness to the incident discloses that although appellant was aware of the danger of getting too close to power lines, at the time the incident occurred he was unaware of power lines in the vicinity where he was painting. There is also some question as to whether the extension handle appellant was using at the time actually came in contact with the power lines.

Ordinarily, questions of negligence and diligence, cause and proximate cause are questions solely for consideration by the jury, and such questions should not be resolved as a matter of law except in plain and palpable cases. *Otto v. Hendry,* 132 Ga. App. 598, 600 (208 SE2d 611) (1974); *Carroll Elec. Membership Corp. v. Simpson,* 106 Ga. App. 29 (126 SE2d 310) (1962); *Ga. Power Co. v. Purser,* supra, p. 183. In the instant case, construing all evidence adduced on appellees' motions for summary judgment most strongly against them and giving appellants the benefit of all reasonable doubt and favorable inferences, we must conclude that the trial court erred in granting summary judgment on the issue of contributory negligence where questions of fact remain. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442) (1962).

2. The Williams also contend that the trial court erred in granting summary judgment to defendants Georgia Power, Nico, C&W and Edwards on the ground that they owed no duty of care to appellant. ITR contends that the trial court erred in failing to grant its motion for summary judgment based on ITR's duty of care to appellant.

(a) The Williams contend that Georgia Power failed in its duty of care owed to Mr. Williams because it knew, or should have known, that workers such as Mr. Williams would come in close proximity to the power line and that Georgia Power was negligent in maintaining such a line 6'4" from the building, or having done so, in failing to warn persons working on the building of the danger of such high voltage line.

In support of their argument, appellants state that the proximity of the high voltage electrical line to the building Mr. Williams was painting violates Georgia Power's own safety standards, as well as the National Electrical Safety Code, which has been adopted by ordinances of the City of Atlanta. However, no evidence was presented to support this allegation or to show what was

required by such standards, code and ordinances, and this court cannot take judicial notice of a municipal ordinance. *Oliver v. City of Macon,* 148 Ga. App. 346, 347 (251 SE2d 175) (1978).

Georgia Power's duty in such matters is controlled by Code Ann. § 34B-203, which prohibits the use of any tools or equipment such as that used by Mr. Williams within eight feet of any high voltage lines, except where such lines have been effectively guarded against danger from accidental contact in certain specified ways. Code Ann. § 34B-205 provides that when such tools or equipment are to be used within eight feet of any high voltage line, the person or persons responsible for the work being done shall promptly notify the owner or operator of the high voltage lines so that the safety precautions required by Code Ann. § 34B-203 can be implemented.

Before Georgia Power can be held to owe a duty to Williams in the instant case, the person or persons responsible for the work must have notified the power company of the "construction work risk." No such notice was given and thus, the risk involved was not within the scope of the duty owed by Georgia Power to Mr. Williams. *Carden v. Ga. Power Co.,* 231 Ga. 456, 457 (202 SE2d 55) (1973). Hence, the trial court was correct in granting summary judgment to Georgia Power.

(b) Appellants also contend that Nico, as general contractor, owed Mr. Williams a duty of care under Code Ann. §§ 105-401 and 34B-201 et seq. and pursuant to Nico's contract with ITR.

As an employee of Power Painting Co., a subcontractor of Nico, appellant was an invitee on the premises. Code Ann. § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Nico argues that because it was not in possession or control of the premises and did not supervise appellant's work, it owed no duty to appellant as an "occupier." Similarly, ITR argues on cross-appeal that it owed no duty to appellant as owner of the premises, since it had no contact with appellant and was not present on the premises.

The record discloses that Nico and ITR entered into a contract for the repair and refurbishing of certain apartment buildings, including the apartment building being painted by appellant. The contract between ITR and Nico provided that the owner would retain certain rights of possession through its agents, C&W and Edwards. C&W, as the owner's representative, had access to the work being done by the contractor for purposes of approval and inspection. Edwards, as resident manager of the apartment buildings, maintained an office on the premises.

Nico specifically assumed responsibility for the safety of workers by its contract with ITR, "including posting danger signs and other warnings against hazards, promulgating safety regulations and *notifying owners and users of adjacent utilities.*" (Emphasis supplied.) The contract provides further that Nico "shall take all reasonable precautions for the safety of . . . all employees on the Work and all other persons who may be affected thereby . . ." Thus, appellant is named as a beneficiary of the contract which gives rise to Nico's duty of care to appellant. Where nonperformance of a contract is such as to create an unreasonable risk of harm to others, such nonperformance may give rise to a tort action. *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 365 (203 SE2d 587) (1973).

The liability of an owner of property, if any, is dependent on whether said owner had any duty which might arise from control of the property or title thereto or a superior right to possession of property which is in possession or control of another. *Daniel v. Ga. Power Co.,* 146 Ga. App. 596, 597 (247 SE2d 139) (1978). A building contractor in possession and control of a building's premises is bound to take reasonable measures to protect persons on the premises by his invitation from injuries which might arise from hidden defects or places of unusual danger. *Chambers v. Peacock Const. Co.,* 115 Ga. App. 670, 675 (155 SE2d 704) (1967); *Otto v. Hendry,* supra at 599.

Code Ann. § 34B-205 provides: "When any such operation, erection, handling, storage, transportation, or moving is to be performed within eight feet of any high-voltage line, *the person or persons responsible for the work* to be done shall promptly notify the owner or operator of the high-voltage lines of the work to be performed . . ." (Emphasis supplied.) Here, it cannot be said that Nico had possession and control of the premises to the exclusion of ITR such that ITR had no duty of care as an owner for the safety of invitees on the premises. Under the circumstances, whether ITR as owner of the property, Nico as contractor, or both were in control of the premises and, therefore, "responsible for the work," should be decided by the jury. *Scheer v. Cliatt,* 133 Ga. App. 702 (212 SE2d 29) (1975). Thus, summary judgment in favor of Nico was error, and denial of summary judgment to ITR was correct.

(c) Appellants contend that the trial court erred in granting summary judgment to C&W because C&W's contract with ITR provided that C&W had a duty to inspect and warn Mr. Williams of the dangers involved in working near a high voltage wire. However, the terms of the contract provided only that C&W act as the owner's representative in coordinating and hiring contractors to perform the work required by the owner. As such C&W was to inspect the

premises only to check the progress of the work. No safety inspection was anticipated by the contract between ITR and C&W, and the contract does not impose any duty on C&W to provide for the safety of any person associated with the work. There is no indication that the owner of the premises had delegated any part of its duty to discover unsafe conditions to C&W. Nor did C&W have any duty to *supervise* the actual work. Thus, C&W had no duty to appellant to inspect for or warn of dangerous conditions of which the owner or contractor had superior knowledge. See *Argonaut Ins. Co. v. Clark,* 154 Ga. App. 183, 187 (267 SE2d 797) (1980). Accordingly, it was proper to grant summary judgment to C&W.

(d) Finally, appellants contend that the trial court erred in granting Edward's motion for summary judgment because Edwards, as resident manager for ITR, had a duty under Code Ann. § 105-401 to warn appellant of the presence of high voltage wires on the premises.

Edwards admits that it was resident manager for the apartment buildings owned by ITR and that it had limited duties pursuant to an agreement with ITR. However, we find nothing in the record to indicate what those duties include. Before an agent becomes liable for an act of omission alleged to have constituted negligence with resultant injury, it must appear that the agent agreed to perform such act for his principal or assumed responsibility to perform it. *Herring v. R. L. Mathis Dairy Co.,* 118 Ga. App. 132, 141 (162 SE2d 863) (1968). In the absence of a showing by appellant that Edwards, as agent for ITR, had sole and complete control and management of the principal's premises, no duty to appellant as a third party, to whom a duty is owed by the *owner,* will be found owing from the agent. *Herring,* supra. Hence, the trial court did not err in granting summary judgment in favor of Edwards.

*Judgment affirmed in part and reversed in part in Case No. 60866. Judgment affirmed in Case No. 60867. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 19, 1981 —
REHEARINGS DENIED FEBRUARY 27 AND MARCH 9, 1981 —

*Irwin W. Stolz, Jr., Barry Mittenthal,* for appellants (case no. 60866).

*Robert L. Pennington, Tommy T. Holland, John Talmadge, Kevin C. Green, Malcolm P. Smith, James N. Poe,* for appellees.

*Tommy T. Holland,* for appellant (case no. 60867).

*Robert L. Pennington, Kevin C. Green, Irwin W. Stolz, Jr., John Talmadge, Malcolm P. Smith, James N. Poe, Barry Mittenthal,* for appellees.