39233. MALVAREZ v. GEORGIA POWER COMPANY.

SMITH, Justice.

This is a certified question from the Court of Appeals. The husband of appellant Maria Malvarez was electrocuted while engaged in routine building maintenance when he moved a ladder and contacted high-voltage power lines owned by Georgia Power. Appellant sued for wrongful death, contending that appellee was negligent in placing the lines less than eight feet from the building and in failing to insulate them against the type of accidental contact which occurred.

Georgia Power denies that the lines were within eight feet of the building but contends that if they were, then it is absolutely protected from liability by the provisions of OCGA § 46-3-30 et seq. (Code Ann. § 34B-201 et seq.). Section 46-3-32 (Code Ann. § 34B-203) expressly prohibits certain activities, including erection of tools and apparatus, in the area of high-voltage lines if at any time during such operation the activity will be brought within eight feet of the lines, except where preventive measures have been taken to insulate, de-energize, or move the lines. Section 46-3-33 (Code Ann. § 34B-205) requires that when any such operation is to be performed within eight feet of high-voltage lines, the persons responsible for the work shall promptly notify the owner of the lines, who upon notification and within a reasonable time, shall perform such acts as are reasonably

necessary to guard against danger from accidental contact. Section 46-3-30 (Code Ann. § 34B-201) defines "persons responsible" to include both employers and employees involved in certain activities related to handling of tools and construction near power lines.

In *Williams v. Nico Indus.,* 157 Ga. App. 814 (2) (a) (278 SE2d 677) (1981) (cert. den.), the Court of Appeals, relying on *Carden v. Ga. Power Co.,* 231 Ga. 456 (202 SE2d 55) (1973), held that where the defendant power company had not received the statutorily required notice, it owed no duty to a worker injured by contact with its lines. Williams contended that Georgia Power was negligent in maintaining a line six feet, four inches from the building on which he was working when injured. However, he failed to support this allegation with evidence. In the earlier case of *Savannah Elec. &c. Co. v. Holton,* 127 Ga. App. 447 (193 SE2d 866) (1972), the Court of Appeals affirmed a judgment for the survivor of a deceased employee in a situation where no notice was given, holding that the employer's failure to provide the required notice was irrelevant in an action on behalf of the employee. The holding in *Savannah Electric* was approved in *Carden v. Ga. Power,* supra, the same case upon which the holding in *Williams v. Nico Indus.,* supra, was based. The Court of Appeals therefore asks for a resolution of the following question: "Where an employer fails to comply with its duty under OCGA § 46-3-33 (Code Ann. § 34B-205) to notify the owner or operator of high-voltage power lines of its intention to use tools or equipment within eight feet of the lines, is an employee who is subsequently injured in the performance of the work thereby barred from recovering for the alleged negligence of the owner or operator in installing or maintaining the lines?"

The answer is no. Although an employee as well as his employer may in some circumstances be a "person responsible" for notifying the line owner or operator, (OCGA § 46-3-30, Code Ann. § 34B-201) lack of such notification is a bar to recovery only where the lines are "otherwise properly located and maintained." *Carden v. Ga. Power,* supra, at 457. One whose injury is caused by negligent installation or maintenance of high-voltage lines, even where such injury occurs while engaged in acts enumerated in OCGA § 46-3-32 (Code Ann. § 34B-203) within eight feet of the lines, is not barred by failure to give notice. This is consistent with OCGA § 46-3-38 (Code Ann. § 34B-209), which states that "Nothing in this part shall be construed or applied so as to limit or reduce the duty or degree of care applicable to owners or operators of high-voltage lines with respect to damage or loss to person or property." *Williams v. Nico Indus.,* 157 Ga. App. 814 (287 SE2d 677) (1978), to the extent that it is inconsistent with this decision, is disapproved and will not be followed.

*The certified question is answered in the negative. All the Justices concur, except Marshall, P. J., who concurs in the judgment only.*

DECIDED FEBRUARY 16, 1983.

*Corlew & Lackey, Harold D. Corlew, R. Douglas Lackey,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Kevin C. Greene, Joe C. Freeman, Jr.,* for appellee.