## S92A1223. FISCH et al. v. RANDALL MILL CORPORATION.

(426 SE2d 883)

FLETCHER, Justice.

This appeal concerns whether the phrase "worked" or "attempted to work the mineral rights" in the state mineral lapse statute is unconstitutionally vague under the Georgia or Federal Constitutions. We hold that the statute is not vague and affirm the trial court's order that Randall Mill Corporation has gained absolute title to the disputed mineral rights.

Randall Mill purchased property in North Fulton County in 1989 and filed a petition for declaratory judgment under OCGA § 44-5-168. The petition alleged that no one worked or attempted to work the mineral rights in the property or paid taxes on them for the past seven years. Fisch, who claims an unspecified interest in the mineral rights as a descendant of the 1850 owner of the property, contends that he attempted to work the minerals by walking the property and collecting ten to twelve rock samples for analysis and that he had made several trips to the courthouse to try to pay taxes. The trial court denied Fisch's motion for summary judgment, granted Randall Mill's motion for summary judgment, and declared that Fisch has lost all mineral rights in the property. Fisch appeals.

1. The mineral lapse statute provides:

> (a) Whenever mineral rights are conveyed or whenever real property is conveyed in fee simple but the mineral rights to such property are reserved by the grantor, the owner of the real property in fee simple or his heirs or assigns may gain title to such mineral rights by adverse possession if the owner of the mineral rights or his heirs or assigns have *neither worked nor attempted to work the mineral rights* nor paid any taxes due on them for a period of seven years since the date of the conveyance and for seven years immediately preceding the filing of the petition provided for in subsection (b) of this Code section.

(Emphasis supplied.) OCGA § 44-5-168 (a). "[U]nder this statute the owner of the mineral rights loses them by nonuse plus nonpayment of taxes, as opposed to losing such rights by adverse possession of the fee simple owner."[1] *Hinson v. Loper*, 251 Ga. 239, 240 (304 SE2d 722) (1983). The statute's purpose is

---

[1] The previous rule provided that nonuse would not cause loss of title to the minerals. "Neither will [title] be lost by prescription, where there is no adverse user of the minerals themselves, as distinguished from the surface." *Brooke v. Dellinger*, 193 Ga. 66, 73 (17 SE2d 178) (1941).

to encourage the use of the state's mineral resources and the collection of taxes, or to encourage the use of land free of interference by the holders of mineral rights who neither use nor pay taxes upon them.

*Hayes v. Howell*, 251 Ga. 580, 585 (308 SE2d 170) (1983). We have previously upheld the statute against challenges that it violated the state constitutional prohibitions against the impairment of the obligation of contracts, the passage of retroactive laws, and the uncompensated taking of property. See *Hayes*, 251 Ga. at 583-585; *Ga. Marble Co. v. Whitlock*, 260 Ga. 350, 355 (392 SE2d 881) (1990), cert. denied, 111 SC 675 (1991).

Fisch argues that the statute violates the due process clause of the Georgia and United States Constitutions because the phrase "worked [or] attempted to work the mineral rights" provides no standard for the owner of mineral rights to protect his or her interest. When a statute "is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law." *Anderson v. Little & Davenport Funeral Home*, 242 Ga. 751, 752 (251 SE2d 250) (1978) (quoting *City of Atlanta v. Southern R. Co.*, 213 Ga. 736, 738 (101 SE2d 707) (1958)).

The words "work," "attempt to work," and "mineral rights" are words in general use that must be given their ordinary meaning in interpreting the statute. See OCGA § 1-3-1; 54 AmJur2d 190, *Minerals*, § 6 (1971). Consistent with the evil that the General Assembly sought to remedy, we have construed "worked or attempted to work" to mean "use." See *Ga. Marble*, 260 Ga. at 355; *Hayes*, 251 Ga. at 583; *Hinson*, 251 Ga. at 240. This meaning comports with the definition of work as "to cause to operate or produce" and "to carry on an operation." Webster's Third New Intl. Dictionary, p. 2634 (1961). The term "mineral rights" is defined as "the right to explore for and extract [specified] minerals" in a given tract of land. Id. at 1438. To meet the statutory requirement of working or attempting to work mineral rights, the owner of the mineral interests must carry on an operation to explore for, use, produce, or extract minerals in the land. The statute is not so uncertain in its meaning that persons of common intelligence must guess at its interpretation and differ on its application.

2. Fisch's acts do not constitute, as a matter of law, working or attempting to work his mineral rights. Fisch contends that he has worked his mineral interests by selling his mineral rights in one lot, regularly visiting the property, collecting rock samples for testing, obtaining assay reports of minerals indigenous to the area, studying geological maps, and attempting to locate other heirs. Adopting his interpretation of work as "any physical or mental exertion" would

undermine the statute's purpose because any effort, however unrelated to the exploration and production of minerals, would constitute working the mineral rights. The owner of a mineral interest must do more than conduct genealogical research and pick up rock samples to meet the statutory requirement of working or attempting to work the mineral rights.

3. Similarly, Fisch's payment of taxes after Randall Mill filed this action and his previous unsuccessful attempts to pay taxes do not satisfy the statutory requirement. See *Larkin v. Laster*, 254 Ga. 716, 718 (334 SE2d 158) (1985). If, as Fisch contends, the tax commissioner failed to assess ad valorem taxes on his interest in the mineral rights, Fisch should have filed a writ of mandamus to compel the commissioner to act. See OCGA § 9-6-20; *Dennington v. Mayor &c. of Roberta*, 130 Ga. 494 (61 SE 20) (1908) (holding mandamus was appropriate remedy to compel the levy and collection of school taxes). Yet, Fisch neither paid taxes nor sought a writ of mandamus during the seven years prior to Randall Mill's filing of this action.

4. The remaining enumerations of error are without merit.

*Judgment affirmed. Clarke, C. J., Benham, Sears-Collins, Hunstein, JJ., and Judge Frank C. Mills III concur; Hunt, P. J., concurs in the judgment only.*

DECIDED MARCH 15, 1993.

*Thomas P. Stamps, Dent Acree, Heidi Hughes,* for appellants.
*Freeman & Hawkins, Howell Hollis III, Keenan G. Loomis, Theodore A. Speaker, Long, Aldridge & Norman, J. Allen Maines, Greenwald & Salo, Ann D. Salo,* for appellee.