S97A2055. SANTANA et al. v. GEORGIA POWER COMPANY et al.

(498 SE2d 521)

BENHAM, Chief Justice.

While painting an apartment building, appellants were injured by contact with a high-voltage power line and sought damages from their employer and from the owner of the power line, Georgia Power Company (Georgia Power). The pertinent evidence of record shows that appellants were injured when a metal ladder they were using made contact with an overhead electric line that was owned and operated by Georgia Power. Neither appellee nor the utilities protection center[1] were given notice that any work would be done in the vicinity, and no safety precautions were in place in anticipation of the work to be done. Based on that record, the trial court granted summary judgment to Georgia Power on the ground that the High-voltage Safety Act (HVSA), OCGA § 46-3-30 et seq., relieved Georgia Power from liability because of appellants' and their employer's failure to give statutorily-required notice of their potential work near a high-voltage line. In this appeal from that judgment, appellants contend that the HVSA does not demand that result and that the HVSA is unconstitutional. Because we conclude that neither their arguments on the applicability of the statute nor their constitutional attacks are meritorious, we affirm the trial court's judgment.

1. The HVSA requires notice to the utilities protection center before work is commenced near a high-voltage power line. OCGA § 46-3-34 (b). In the absence of such notice, the owner or operator of the high-voltage line has no liability for damage resulting from work

---

[1] OCGA § 46-3-32 (4): "'Utilities protection center' or 'center' means the corporation or other organization formed by utilities which receives advance notifications regarding work and distributes such notifications to its utility members."

done within ten feet of the line. OCGA § 46-3-39 (a). It is undisputed that neither Georgia Power nor the utilities protection center was notified of the work that appellants were doing near a high-voltage line. Thus, under the plain language of the statute, Georgia Power cannot be held liable for damages incurred as a result of appellants' contact with the line. *Preston v. Ga. Power Co.*, 227 Ga. App. 449 (2) (489 SE2d 573) (1997); See also *Callaway v. Crown Crafts, Inc.*, 223 Ga. App. 297 (3) (477 SE2d 435) (1996). Since the statute makes no distinction in the extent of the liability of the owner or operator of a high-voltage line based on the identity of the person giving notice, appellants' argument that they were not the persons required to give notice is irrelevant.

2. Appellants urge this court to reaffirm *Malvarez v. Ga. Power Co.*, 250 Ga. 568 (300 SE2d 145) (1983), where this Court held that lack of the statutorily-required notice "is a bar to recovery only where the lines are 'otherwise properly located and maintained.' [Cit.]" Id. at 569. However, when the General Assembly amended the HVSA in 1992, it significantly altered the statutory language construed in *Malvarez*. The pre-amendment statute provided that nothing in the HVSA limited the liability of the owner or operator of the high-voltage line, but the amendment added subsection (a) of OCGA § 46-3-39, which specifically provided the owner-operator with immunity from liability if notice was not given as required by OCGA § 46-3-34. The 1992 amendment, therefore, effectively overruled *Malvarez*. See *Preston v. Ga. Power Co.*, 227 Ga. App. 449, supra.

3. Appellants maintain their due process rights were violated because the HVSA does not require the owner or operator of power lines to advise the public that a particular line is high-voltage, thus making the Act so vague as to be unconstitutional. A statute violates due process if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Fisch v. Randall Mill Corp.*, 262 Ga. 861 (1) (426 SE2d 883) (1993); *Sliney v. State*, 260 Ga. 167 (391 SE2d 114) (1990). The language of the HVSA is clear and unambiguous in its requirement that notice be given before work is commenced in proximity to high-voltage lines, and in its provision that lack of such notice insulates the owner of the lines from liability. Although persons of common intelligence may not be sure which power lines qualify as "high-voltage lines,"[2] and may have to ask to find out, there is no doubt engendered by the statute about the necessity of giving notice prior to working in proximity to such lines or about the effect of failing to give the notice. Thus, per-

---

[2] OCGA § 46-3-32 (1): " 'High-voltage lines' means an electric line or lines installed above ground level having a voltage in excess of 750 volts between conductors or from any conductor to ground."

sons of common intelligence need not guess at the meaning of the statute and, once in possession of the necessary facts, should not differ as to its application. We conclude, therefore, that appellants' vagueness attack on the statute is without merit.

4. Appellants contend that their right to due process was violated because the HVSA takes from them a common law claim and thus deprives them of their right to access to the courts under Art. I, Sec. I, Par. XII of the Georgia Constitution. However, the enactment of a statute that delineates or even abolishes a cause of action before it has accrued deprives a plaintiff of no vested right and, thus, does not deny due process. *Love v. Whirlpool Corp.*, 264 Ga. 701 (2) (449 SE2d 602) (1994). States are free to create immunities and to eliminate causes of actions, and that legislative determination provides all the process that is due. *Sisson v. Douglas County School District*, 181 Ga. App. 77 (2) (351 SE2d 272) (1986). As to the "access to the courts" argument, we find it without merit because this Court has held that "Art. I, Sec. I, Par. XII is a 'right of choice' (between self-representation and representation by counsel) provision, and not an 'access to the courts' provision.'" *Nelms v. Georgian Manor Condominium Assn.*, 253 Ga. 410 (3) (321 SE2d 330) (1984).

5. Appellants also argue that the HVSA is unconstitutional in that it denies them equal protection of the law because it gives a special privilege to owners and operators of high-voltage lines by absolving them of liability while not affording the same privilege to any other businesses that are involved in the delivery of dangerous or hazardous products. "[A] claimant wishing to assert an equal protection claim '. . . must establish that he is similarly situated to members of the class who are treated differently from him.' [Cit.] If that point cannot be established, there is no need to continue with an equal protection analysis. [Cit.]" *Lowe v. State*, 267 Ga. 754 (1) (482 SE2d 344) (1997). Since appellants are members of neither class as to which they contend there is disparate treatment by the HVSA, they cannot establish the threshold requirement for an equal protection claim and the trial court was correct in rejecting the claim.

6. Appellants' products liability and public policy argument was not raised and ruled upon by the trial court, so we will not consider it. *Reichard v. Reichard*, 262 Ga. 561 (1) (423 SE2d 241) (1992). Likewise, since we will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point (*Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996)), we do not reach appellants' argument based on violation of the one-subject rule of the Georgia Constitution. Finally, we need not address appellants' contention that the trial court erred in failing to address the issue of foreseeability since that issue was foreclosed by the correct ruling that Georgia Power was

entitled to immunity by virtue of the lack of notice.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 23, 1998.

*Wall & Noonan, William A. Wall, Douglas T. Noonan, Robert E. Bourne,* for appellants.
*Troutman Sanders, Robert L. Pennington, Hamilton, Westby, Marshall & Antonowich, Steven A. Westby, Parkerson, Shelfer & Groff, I. J. Parkerson, McClain & Merritt, William A. Sutton, Foster & Foster, Donald R. Foster, Hopkins & Gresham, H. Lowell Hopkins, Magill & Bondurant, David M. Atkinson,* for appellees.
*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Hyatt & Hyatt, John M. Hyatt,* amici curiae.