S02G0854. JACKSON ELECTRIC MEMBERSHIP CORPORATION
v. SMITH et al.
S02G0864. UTILITIES PROTECTION CENTER, INC. v. SMITH
et al.
(576 SE2d 878)

HUNSTEIN, Justice.

We granted Jackson Electric Membership Corporation and Utilities Protection Center, Inc.'s petitions for certiorari in these consolidated wrongful death cases in order to address whether the Court of Appeals correctly applied OCGA § 46-3-34 (d) of the High-voltage Safety Act (HVSA).[1] See *Smith v. Jackson Elec. Membership Corp.*, 253 Ga. App. 575 (560 SE2d 26) (2002). We hold that under the plain and unambiguous language of the statute appellants were entitled to summary judgment. Accordingly, we reverse.

---

[1] OCGA § 46-3-30 et seq.

The parents of Clemon Hull filed wrongful death actions against Jackson Electric Membership Corporation (Jackson EMC) and the Utilities Protection Center, Inc. (UPC) claiming their son would not have been electrocuted while working on a construction project but for the negligence of Jackson EMC and UPC in processing requests for protection from overhead high-voltage power lines. Jackson EMC is the owner of the overhead lines. UPC was statutorily created under the HVSA to receive notice from contractors who will be working near high-voltage power lines. See OCGA §§ 46-3-32 (4), 46-3-34 (a), (b). The statute provides that UPC must forward contractor-notices to the appropriate utility so that the utility can take appropriate safety precautions such as de-energizing overhead power lines during the specified period of work. Id. at (c). Hull and his cousin Kenzie Mitchell were working on a water pipeline project in Jackson County for a blasting company that was a subcontractor for King Pipeline, the general contractor for the county. The project involved laying miles of water pipeline. King Pipeline's representative notified UPC on April 18, 1997 that it needed both underground and overhead protection until May 2. However, a delay was encountered and King Pipeline called UPC on April 29 to renew the request and called again on May 13. During the May 13 call, while requesting further underground protection, King Pipeline was recorded specifically declining further overhead protection. Hull and Mitchell were electrocuted on May 30 when a drill they were operating came in contact with overhead power lines.

OCGA § 46-3-34 (d) provides that if there is a delay in the work, "the person responsible for the work shall be required to give a new notice" to the UPC at least 72 hours prior to commencing the project. The trial court granted Jackson EMC's and UPC's motions for summary judgment finding that the failure to provide new notice was dispositive. The trial court also found that recovery was barred because the power line was open and obvious. The Court of Appeals reversed, finding that King Pipeline complied with the initial notice requirement of the HVSA and was not required to give any further notice under OCGA § 46-3-34 (d) because it did not appear that Jackson EMC ever complied with subsection (c) to arrange for safety precautions as required by statute. Smith v. Jackson Elec. Membership Corp., supra, 253 Ga. App. 577-578. The court also found that it could not be said as a matter of law that the lines were so open and obvious that an average person exercising ordinary care would have observed and avoided the danger. Id.

A 1992 amendment to the HVSA explicitly states that owners and operators of high-voltage lines are not liable unless notice has been given and the owner or operator of the power line has failed to effectively guard against danger by taking the appropriate safety

precautions. OCGA § 46-3-39 (a). The owner-operator is immune from liability if notice was not given as required by OCGA § 46-3-34, even if the utility has not de-energized the lines. See OCGA § 46-3-39 (a); *Santana v. Ga. Power Co.*, 269 Ga. 127 (1) (498 SE2d 521) (1998); *Preston v. Ga. Power Co.*, 227 Ga. App. 449 (489 SE2d 573) (1997). "The language of the HVSA is clear and unambiguous in its requirement that notice be given before work is commenced in proximity to high-voltage lines, and in its provision that lack of such notice insulates the owner of the lines from liability." *Santana*, supra, 269 Ga. at 128 (3). Under the plain language of OCGA § 46-3-34 (d), which controls notice to the UPC if there is a delay in the work, new notice to the UPC is required prior to initiating the project.

Therefore, contrary to the Court of Appeals holding, King Pipeline was required to seek renewal of its original request for overhead protection after King Pipeline specifically stated that overhead protection was no longer needed for the project. Notwithstanding the existence of evidence that UPC may not have forwarded calls for protection to the utility or the lines were not de-energized, because of King Pipeline's cancellation of overhead protection, it was incumbent upon King Pipeline to provide UPC with the statutorily-mandated 72-hours notice. Accordingly, because the evidence is uncontroverted that no new notice was provided to UPC by the contractor, the Court of Appeals incorrectly reversed the trial court's grant of summary judgment to the appellants.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, Ashley P. Nichols, Christopher H. Smith*, for Jackson EMC.

*Swift, Currie, McGhee & Hiers, John W. Campbell, Sharon L. Neal*, for Utilities Protection Center, Inc.

*Butler & MacDougald, Larry K. Butler, Daniel MacDougald III*, for Smith.