S02G1550. WILLIAMS et al. v. MITCHELL COUNTY ELECTRIC MEMBERSHIP CORPORATION.
(582 SE2d 107)

HINES, Justice.

This Court granted certiorari to the Court of Appeals in *Williams v. Mitchell County Elec. Membership Corp.*, 255 Ga. App. 668 (566 SE2d 356) (2002), to determine whether the High-voltage Safety Act, OCGA § 46-3-30 et seq., bars the plaintiffs' recovery in this case. Finding that it does, we affirm.

Donald Williams, a farmer, was electrocuted in a cotton field when a sagging power line became entangled with his cotton picker. Williams exited the picker, reached up to examine the line, and was electrocuted. The line was part of a power line maintained by Mitchell County Electric Membership Corporation ("Mitchell").

Williams's widow and the co-administrator of his estate ("Williams") brought wrongful death actions, claiming that Mitchell failed to exercise ordinary care in the construction and maintenance of the line. The actions were consolidated. Mitchell raised the defenses of assumption of risk, contributory negligence, and failure to give notice of the work being done as required by the High-voltage Safety Act ("HVSA").[1] See OCGA § 46-3-30 et seq. The jury found that Mitchell's negligence proximately caused the death, and awarded damages. The trial court entered judgment notwithstanding the verdict, holding that the decedent assumed a known risk, and that the failure to provide the notice required by the HVSA insulated Mitchell from liability. See OCGA § 46-3-39. The Court of Appeals reversed the trial court on the issue of assumption of risk, but affirmed it regarding the

---

[1] OCGA §§ 46-3-33 & 46-3-34 require that certain notice be given before "work" is done within ten feet of high-voltage power lines.

issue of the operation of the HVSA. See *Williams*, supra.

1. Williams argues that the HVSA historically has not been interpreted to foreclose recovery for injuries such as those sustained, unless the power lines at issue were properly maintained and located, as this Court held in *Malvarez v. Ga. Power Co.*, 250 Ga. 568, 569 (300 SE2d 145) (1983). However, the *Malvarez* opinion relied upon the language of then-OCGA § 46-3-38, which read: "Nothing in this part shall be construed or applied so as to limit or reduce the duty or degree of care applicable to owners or operators of high-voltage lines with respect to damage or loss to person or property." In 1992, the General Assembly enacted Ga. L. 1992, p. 2141 et seq., which, as the Court of Appeals noted in its opinion, "radically changed the liability of power companies for negligent erection or maintenance of high-voltage lines." *Williams*, supra at 673 (2).

The language relied upon in *Malvarez* is currently found in OCGA § 46-3-39 (b), but is now prefaced by the statement: "Except as provided in subsection (a) of this Code section. . . ." Subsection (a) of OCGA § 46-3-39 reads: "The owner or operator of high-voltage lines shall not be liable for damage or loss to person or property resulting from work within ten feet of high-voltage lines unless notice has been given as required by Code Section 46-3-34 and the owner or operator of the high-voltage line has failed to comply with the provisions of Code Section 46-3-33." This Court has previously recognized the importance of the 1992 legislative decision:

> [The] 1992 amendment to the HVSA explicitly states that owners and operators of high-voltage lines are not liable unless notice has been given and the owner or operator of the power line has failed to effectively guard against danger by taking the appropriate safety precautions. OCGA § 46-3-39 (a). The owner-operator is immune from liability if notice was not given as required by OCGA § 46-3-34, even if the utility has not de-energized the lines. [Cits.] "The language of the HVSA is clear and unambiguous in its requirement that notice be given before work is commenced in proximity to high-voltage lines, and in its provision that lack of such notice insulates the owner of the lines from liability." *Santana* [*v. Ga. Power Co.*, 269 Ga. 127, 128 (2) (498 SE2d 521) (1998)].

*Jackson Elec. Membership Corp. v. Smith*, 276 Ga. 208, 209-210 (576 SE2d 878) (2003).

Further, as the Court of Appeals noted, the primary purpose stated in the caption of the original HVSA was to "provide the precautions to be taken in the proximity of high-voltage electric lines for

the prevention of accidents." Ga. L. 1960, p. 181. But the caption of the 1992 Act specifically states that the purposes of the Act include "to prohibit any person . . . from commencing work within ten feet of a high-voltage line until certain conditions are met," "to require persons to notify the [utilities protection] center before commencing work near high-voltage lines," and "to provide limitations on liability." The new statute includes OCGA § 46-3-31, which states the purpose of "providing that no work shall be done in the vicinity of such lines unless and until the owner or operator thereof has been notified of such work and has taken one of the safety measures prescribed in this part." These legislative statements show the clear intent that the owner of such lines not be held liable unless the statute's notice provisions have been met.

The 1992 legislative decision substantially changed the law, and the historical interpretation of the HVSA upon which Williams relies is no longer valid. Should the result of this change be deemed too harsh, the remedy is in the General Assembly, in the form of another legislative decision. Williams urges this Court to declare an exception to the operation of the HVSA for instances in which the work near power lines is "random and casual." But no such exception appears in the statute, and this Court will not create one.

2. Williams contends that the HVSA does not apply because the decedent was not engaged in "work" within the meaning of the statute at the time of the electrocution. See OCGA § 46-3-32 (6). Specifically, Williams argues that the definition of "work" set forth in the statute does not encompass the decedent's labor because, although the decedent was operating machinery, he was not doing so "in pursuit of his trade or business"; it was not his cotton field that he was preparing to harvest, but that of his neighbor, with whom he apparently shared work. However, the decedent was a farmer, using his own equipment to harvest a field of cotton, and was thus obviously engaged in his customary "trade."

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 9, 2003 —
RECONSIDERATION DENIED JULY 11, 2003.

*Frank C. Vann, Burge & Wettermark, Frank T. Burge,* for appellants.
*McNatt & Greene, Hugh B. McNatt, Richard S. Thompson, James C. Brim, Jr., John W. Bass, Sr.,* for appellees.