A06A1074. GRIFFIN et al. v. BURDEN et al.
(636 SE2d 686)

MIKELL, Judge.

Debra Burden, Dan Henry, Lee Patrick Henry, Lillian Henry and Morris Henry, as next of kin to Callie Mae Williams, and Burden, as administratrix of Williams' estate, brought a medical malpractice action against Jason Griffin, M.D., Joe D. Rawlings, M.D., Joe D. Rawlings, M.D., P.C. (collectively "Griffin, Rawlings and Rawlings, P.C."), and others. Burden executed an authorization to release Williams' medical records and filed it contemporaneously with the complaint. Griffin, Rawlings and Rawlings, P.C. moved to dismiss the complaint, arguing that the authorization did not comply with OCGA § 9-11-9.2. Burden responded, arguing that OCGA § 9-11-9.2 is preempted by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"),[1] and violates plaintiff's constitutional right of privacy and the "single subject matter" rule. In a one-sentence order, the trial court denied the motion to dismiss. The court subsequently

---

[1] Burden attached a copy of an order from an unrelated medical malpractice case in the State Court of Fulton County, denying a similar motion to dismiss on the ground that HIPAA preempts OCGA § 9-11-9.2.

certified its ruling for immediate review. We granted the application for interlocutory review and now affirm.

1. In two related enumerations, Griffin, Rawlings and Rawlings, P.C. argue that (a) plaintiffs' OCGA § 9-11-9.2 authorization is invalid because it improperly limits defendants' access to Williams' health information, and (b) HIPAA does not prevent compliance with OCGA § 9-11-9.2. We recently addressed these identical issues in *Northlake Med. Center v. Queen*,[2] where a majority of this court affirmed the denial of Northlake Medical Center's motion to dismiss plaintiff's medical malpractice complaint, holding that HIPAA preempts OCGA § 9-11-9.2.[3] Accordingly, we affirm the trial court's denial of Griffin, Rawlings and Rawlings, P.C.'s motion to dismiss.

2. In a third enumeration, appellants contend that OCGA § 9-11-9.2 is constitutional. The merits of this enumeration cannot be reached. Our Supreme Court has exclusive appellate jurisdiction over cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn into question, and will not rule on a constitutional question "unless it clearly appears in the record that the trial court distinctly ruled on the point."[4] Here, the trial court did not expressly rule upon the constitutionality of the statute.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 7, 2006.

*Hall, Booth, Smith & Slover, Anthony A. Rowell, Virginia N. Hall*, for appellants.

*Lovett, Cowart & Ayerbe, Linwood R. Lovett, Paul R. Ayerbe, Matthew M. Myers, Alexander & Vann, George R. Lilly II*, for appellees.

---

[2] 280 Ga. App. 510 (634 SE2d 486) (2006).

[3] Id. at 511 (2). Accord *Allen v. Wright*, 280 Ga. App. 554 (1) (634 SE2d 518) (2006).

[4] (Citation omitted.) *Santana v. Ga. Power Co.*, 269 Ga. 127, 129 (6) (498 SE2d 521) (1998); *Ga. Dept. of Corrections v. Chatham County*, 274 Ga. App. 865, 868 (2) (619 SE2d 373) (2005).