A07A2397. AIRASIAN v. SHAAK.
(657 SE2d 600)

JOHNSON, Presiding Judge.

This action arises out of a surgery that took place on March 15, 2001. Dr. George Shaak removed a significant portion of Robert Airasian's colon during the surgery. On March 29, 2001, Shaak performed an emergency colostomy after he discovered that a large portion of Airasian's remaining colon was necrotic. Airasian filed a medical negligence action against Shaak, alleging his colon died because Shaak failed to provide adequate blood flow to the surgery site and failed to monitor Airasian's condition following the first surgery. The case was tried before a jury the week of January 29, 2007, and the jury returned a verdict in favor of Shaak. Airasian appeals, alleging the trial court erred in refusing to admit "statements against interest" made by Shaak on the date of the second surgery and erred in allowing Dr. Marvin Corman and Dr. Vernon Henderson to testify as experts without properly establishing their credentials. We find no error.

1. Airasian contends the trial court erred in ruling that he was prevented from presenting evidence that Shaak made admissions of negligence on March 29, 2001. According to Airasian, he should have been allowed to present (1) his wife's observations that Shaak appeared "white as his jacket" and "quite upset" after the second surgery, and (2) Shaak's statement to Airasian's wife immediately after the second surgery: "This was my fault." Airasian asserts that these observations and statements should have been admissible as statements against interest and under the res gestae exception to the hearsay rule. Even assuming that Shaak made the statements at issue, the trial court properly excluded these observations and statements pursuant to OCGA § 24-3-37.1 (c).

OCGA § 24-3-37.1 (c) provides as follows:

> In any claim or civil action brought by or on behalf of a patient allegedly experiencing an unanticipated outcome of medical care, any and all statements, affirmations, gestures, activities, or conduct expressing benevolence, regret, apology, sympathy, commiseration, condolence, compassion, mistake, error, or a general sense of benevolence which are made by a health care provider . . . to the patient, a relative

of the patient, or a representative of the patient and which relate to the unanticipated outcome shall be inadmissible as evidence and shall not constitute an admission of liability or an admission against interest.

Clearly, Shaak's alleged actions and statements fall within the plain meaning of the statute. Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary, it is forbidden.[1]

In an effort to circumvent the statute, Airasian argues that the General Assembly did not intend for the statute to apply in the instant case because the statute would have to be applied retroactively. However, this argument belies the expressed intent of the General Assembly, which addressed this issue and clearly provided for retroactive application of the statute:

> Code Sections 51-12-31 and 51-12-33, as amended by this Act, and Code Sections 51-1-29.5, 51-2-5.1, and 51-13-1, as enacted by this Act, shall apply only with respect to causes of action arising on or after the effective date of this Act, and any prior causes of action shall continue to be governed by prior law. It is the intention of the General Assembly that all other provisions of this Act shall apply to causes of action pending on its effective date, unless such application would be unconstitutional.[2]

The express language shows that the General Assembly intended that OCGA § 24-3-37.1 be applied to cases pending at the time the law was passed. Contrary to Airasian's arguments, an analysis of other parts of Senate Bill 3 does not warrant disregarding the stated intent of the General Assembly with regard to OCGA § 24-3-37.1. In fact, the General Assembly addressed the issue of any application "absurdity":

> In the event any section, subsection, sentence, clause, or phrase of this Act shall be declared or adjudged invalid or unconstitutional, such adjudication shall in no manner affect the other sections, subsections, sentences, clauses, or phrases of the Act, which shall remain of full force and effect as if the section, subsection, sentence, clause, or phrase so declared or adjudged invalid or unconstitutional were not originally a part hereof. The General Assembly declares that

---

[1] See *Six Flags Over Ga. II v. Kull,* 276 Ga. 210, 211 (576 SE2d 880) (2003).

[2] Senate Bill 3, Section 15 (b) (2005).

it would have passed the remaining parts of this Act if it had known that such part or parts hereof would be declared or adjudged invalid or unconstitutional.[3]

Airasian also argues that retroactive application in this case would be unconstitutional since he "invested his own money in prosecuting this claim in reliance upon the statements at issue." However, the merits of this contention cannot be reached:

Our Supreme Court has exclusive appellate jurisdiction over cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn into question, and will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point.[4]

Here, the trial court did not expressly rule upon the constitutionality of the statute. The trial court did not err in excluding the statements or actions allegedly made by Shaak.

2. Airasian contends the trial court erred in admitting at trial the expert testimony of Dr. Corman and Dr. Henderson because Shaak failed to present evidence at trial that these doctors were qualified to testify under OCGA § 24-9-67.1. It is well established that the issue of admissibility or exclusion of expert testimony rests in the broad discretion of the trial court, and consequently, the trial court's ruling on the issue cannot be reversed absent a manifest abuse of discretion.[5] We find no such abuse.

We first note that Airasian does not argue in his appellate brief that Corman and Henderson are not qualified to give expert testimony in this case; he simply argues that Shaak failed to present evidence at trial showing that Corman and Henderson possessed the proper qualifications discussed in OCGA § 24-9-67.1. However, Shaak correctly points out that Airasian failed to seek a timely ruling under subsection (d) of that Code section. OCGA § 24-9-67.1 is a pretrial qualification statute:

Upon motion of a party, the court may hold a pretrial hearing to determine whether the witness qualifies as an expert and whether the expert's testimony satisfies the requirements of subsections (a) and (b) of this Code section. Such hearing and

---

[3] Senate Bill 3, Section 14 (2005).

[4] (Punctuation and footnote omitted.) *Griffin v. Burden*, 281 Ga. App. 496, 497 (2) (636 SE2d 686) (2006).

[5] See *Cotten v. Phillips*, 280 Ga. App. 280, 283 (633 SE2d 655) (2006).

ruling shall be completed no later than the final pretrial conference contemplated under Code Section 9-11-16.[6]

Both the Supreme Court of Georgia and this Court have ruled that a challenge under OCGA § 24-9-67.1 must be completed by the pretrial conference.[7] No transcript of a pretrial conference is in the record before us. However, the record does reveal that the depositions of Corman and Henderson were taken in the summer of 2005, one and one-half years before the consolidated pretrial order and trial in this case. Because Airasian failed to timely challenge the expert evidence under OCGA § 24-9-67.1 and seek rulings thereon, we find no reversible error in the admission of the evidence.[8] Even assuming that the untimeliness of Airasian's request for a hearing did not waive the particular grounds asserted in his motion to strike brought at the close of evidence, "he nevertheless waived all remaining objections to the expert testimony by failing to object contemporaneously."[9]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 7, 2008.

*Brian K. Panessa*, for appellant.
*Huff, Powell & Bailey, Michael S. Bailey*, for appellee.

---

[6] OCGA § 24-9-67.1 (d).

[7] See *Bailey v. Edmundson*, 280 Ga. 528, 533 (5) (630 SE2d 396) (2006); *Ambling Mgmt. Co. v. Purdy*, 283 Ga. App. 21, 26-27 (2) (640 SE2d 620) (2006).

[8] *Purdy*, supra at 27.

[9] (Citations omitted.) *Edmundson*, supra.