[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11375

Non-Argument Calendar

_____

P.D. MILLER FARMS, LLC,

Plaintiff-Counter Defendant-Appellant,

*versus*

BASF CATALYSTS, LLC,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cv-00019-LAG

_____

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

P.D. Miller Farms, LLC holds the surface rights in fee simple title to a 600-acre property in Decatur County, Georgia and BASF Catalysts, LLC owns the mineral rights. P.D. Miller Farms now seeks a declaratory judgment that under Georgia's mineral lapse statute it has gained ownership of the mineral rights through adverse possession. To prevail, P.D. Miller Farms must prove that BASF "neither worked nor attempted to work the mineral rights nor paid any taxes due on them for a period of seven years" preceding the action. O.C.G.A. § 44-5-168(a).

The district court granted summary judgment in favor of BASF. It found that there was no genuine question of material fact that the mineral rights were "worked" when BASF drilled four holes on the property to extract core samples. On appeal, P.D. Miller Farms challenges that finding, and we reverse. The evidence BASF provided leaves open a genuine question whether the drilling occurred on the property, and P.D. Miller Farms submitted evidence that it did not. We also conclude that a genuine question exists as to whether BASF paid taxes on the mineral rights. Accordingly, we reverse the district court's order granting summary judgment in favor of BASF.

## I.

In 1943, W. B. Miller acquired fee simple title from the Floridin Company to a 600-acre property in Decatur County, Georgia subject to a reservation of the mineral rights in favor of the grantor. The surface rights have been in the Miller family since then and are now held by P.D. Miller Farms, LLC. The mineral rights were later conveyed to the Engelhard Corporation, which was subsequently acquired by BASF Catalysts, LLC.

In November 2020, BASF entered the property with personnel and equipment with the intent to explore the minerals. Their personnel noticed that new pines were planted on the property, prompting BASF to contact P.D. Miller, Jr., the owner and manager of P.D. Miller Farms. At a meeting the next day, Miller disputed that BASF owned mineral rights in the property and requested that BASF remove its equipment. BASF complied with Miller's request.

P.D. Miller Farms then filed a complaint for declaratory judgment in the Superior Court of Decatur County, Georgia. It alleged that BASF's mineral rights on the property had lapsed and that as owner of the real property, P.D. Miller Farms was entitled to the mineral rights in the property under Georgia's mineral lapse statute, O.C.G.A. § 44-5-168.

BASF removed the action to the Middle District of Georgia, alleging that removal was proper because the district court had

diversity jurisdiction over this action.[1]  BASF filed an answer and counterclaim for declaratory judgment of its own.  It requested that the district court issue a judgment declaring that: (1) BASF's mineral rights on the property are valid; and (2) BASF has the right to exercise its mineral rights on the property without the interference of P.D. Miller Farms.

BASF then filed a motion for summary judgment.  In its memorandum in support, BASF presented evidence that it says proves it paid the assessed taxes on the mineral rights during the statutory period and that it "worked" those mineral rights in 2019.

That evidence included affidavits and supporting documentations from BASF employees.  Randolph Jenkins, a BASF Mining Supervisor, attested that in 2019 he and Nathalie LeGare, a BASF Mine Engineer, "arranged for the Miller property to be drilled by our drilling contractor."  He added that BASF's surveying company "would have entered the property and marked the proposed drill hole locations" and that the results of the drilling "showed that there appeared to be a large deposit of valuable minerals on the Miller tract."

LeGare also submitted an affidavit.  She attested that she contacted the survey company to locate the hole locations on the

---

[1] BASF removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  On appeal, we granted BASF's motion to supplement the record to establish that it is a citizen of Delaware and New Jersey.  Because P.D. Miller Farms is a citizen of Georgia, we concluded that the parties are diverse.

Miller property for Logan Drilling USA—BASF's "normal drilling company"—to drill. She attached a survey plot identifying the hole locations on the Miller property, and invoices from Logan Drilling that she claims leads her to believe "Logan entered the Miller property to drill" four holes and obtain core samples. The invoices covered work performed from June 21, 2019 to June 29, 2019 and from July 8, 2019 to July 11, 2019. LeGare says that the "holes were drilled on July 11 on the Miller property." Based on the results of this drilling, LeGare attests that BASF made plans for further exploration on the Miller property.

In response, P.D. Miller Farms submitted an affidavit by P.D. Miller, Jr., who attested that he has been on the farm "virtually everyday" and that he has "not seen, observed, heard of, nor seen signs of anyone working, or attempting to work, the mineral rights." Further, Miller attested that he "found no evidence on the property" that the activities described in the Jenkins and LeGare affidavits were conducted. He says that "[n]one of my trees, roads, ditches, pasture indicate that equipment and personnel were ever on the property" and that "[n]either I nor anyone in my employ observed equipment and personnel on the property."

The parties also disputed whether BASF has paid taxes on the mineral rights within the preceding seven years. BASF provided proof that it paid taxes on the mineral rights associated with MR0080—the number assigned by the county for taxation of the mineral rights—every year since 1998 (except for 2009). But due to a clerical error, all parties agree that MR0080 did not

correspond to the mineral rights on the Miller property. Miller submitted an affidavit from Jon Mark Harrell, the Tax Commissioner of Decatur County, Georgia. Based on his review of the county records, he attested that he has found "no record of BASF Catalysts, LLC, nor its predecessor, Engelhard Corporation, being invoiced for, or paying, any taxes for the mineral interests/mineral rights reserved with respect to the property." Miller's other affiant, Amy Rathel, the Chief Appraiser at the Decatur County Georgia Tax Assessors Office, explained that BASF had been invoiced for, and paid taxes on, mineral rights associated with a different nearby piece of property owned in fee simple by BASF.

The district court granted BASF's motion for summary judgment.[2] The district court concluded that the evidence on the record established that BASF worked its mineral rights, within the meaning of the applicable statute, in June and July 2019. Accordingly, there was "no genuine issue of material fact to be tried, as Defendant has presented unrefuted evidence that it worked its mineral rights to a sufficient degree to retain those rights under O.C.G.A. § 44-5-168." Because this conclusion resolved the summary judgment motion in BASF's favor, the district court did

---

[2] After issuing a set of jurisdiction questions to the parties, we previously determined that the district court's order granting BASF's motion for summary judgment resolved P.D. Miller Farm's claim as well as BASF's counterclaim. Accordingly, the order is a final order subject to appeal under 28 U.S.C. § 1291.

not address whether BASF also paid taxes on the mineral rights during the statutory period.

## II.

A district court's ruling on a motion for summary judgment is reviewed de novo. *Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 48 F.4th 1298, 1301 (11th Cir. 2022). We "apply the same legal standards as the district court and view all facts and reasonable inferences in the light most favorable to the nonmoving party." *Id.* at 1301–02 (quotation omitted and alteration adopted). Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Georgia's mineral lapse statute provides that if the owner of the mineral rights has "neither worked nor attempted to work the mineral rights nor paid any taxes due on them for a period of seven years," then the owner of the real property in fee simple may gain absolute title to the mineral rights. O.C.G.A. § 44-5-168(a). Put another way, when the mineral rights are separately held from the surface rights, "the owner of the mineral rights loses them by nonuse plus nonpayment of taxes." *Fisch v. Randall Mill Corp.*, 262 Ga. 861, 862 (1993) (quotation omitted).

So to be entitled to summary judgment, BASF must show that there is no genuine question of material fact that it has worked or attempted to work the mineral rights or paid taxes on such rights

in the preceding seven years. O.C.G.A. § 44-5-168(a); *Hayes v. Howell*, 251 Ga. 580, 583 (1983). BASF argues that it is entitled to summary judgment because it "worked or attempted to work" the mineral rights by drilling and collecting core samples in June and July 2019. P.D. Miller Farms contests that the drilling occurred on the property as a factual matter and also contends that as a legal matter this activity would be insufficient under the statute.

We start with the legal question. If BASF can demonstrate that it drilled holes and collected core samples on the Miller property, it will meet the statutory requirement of working or attempting to work the mineral rights. The Georgia Supreme Court has instructed that to meet this standard "the owner of the mineral interests must carry on an operation to explore for, use, produce, or extract minerals in the land." *Fisch*, 262 Ga. at 862. This means that the "owner of a mineral interest must do more than conduct genealogical research and pick up rock samples to meet the statutory requirement of working or attempting to work the mineral rights." *Id.* at 863. Consequently, in *Fisch*, "walking the property and collecting ten to twelve rock samples for analysis" was insufficient as a matter of law. *Id.* at 861–63.

Here, BASF contends that they did not simply collect rock samples; they drilled holes on the property and extracted core samples. This is categorically different than collecting surface rock samples. If proven, this activity is sufficient to establish that BASF carried on an operation to explore for and extract minerals in the land.

Moving to the facts, we conclude that a genuine question of fact exists as to whether the drilling was done on the Miller property. In support of its motion, BASF provided the survey of the property identifying four holes to be drilled. It also provided invoices from Logan Drilling for work performed between June 21st and July 18th. In total, the invoices show that sixty holes were drilled during this period. According to LeGare's affidavit, four of these holes were drilled on the Miller property on July 11.

BASF has not demonstrated that these invoices correspond to holes drilled on the Miller property. On their face, the invoices do not identify the location of the drilling. The invoices say that the drilling was performed at "Complex A" but Complex A is not identified or defined. And the holes identified in the survey plot do not correspond to the holes that BASF claims were drilled on July 11. The survey plot identifies holes with "CSH" numbers of 5001, 5002, 5003, and 5004. The invoices, however, show that CSH 1008, 1002, 1003 and 1009 were drilled on July 11. Though the invoices may very well be for worked performed on the Miller property, the record presented to the district court does not conclusively establish that they are. Accordingly, the supporting documentation attached to BASF's affidavits do not show that no genuine question of material fact exists.

With the documents submitted by BASF not resolving the factual question, we are left with dueling and contradictory sets of affidavits. P.D. Miller avers that he has not found any evidence that BASF drilled on the property nor is aware of any evidence. BASF's

affiants claim that they did.  While we agree with the district court that Miller's affidavit is relatively weak evidence, "an affidavit which satisfies Rule 56 of the Federal Rules of Civil Procedure may create an issue of material fact and preclude summary judgment even if it is self-serving and uncorroborated."  *United States v. Stein*, 881 F.3d 853, 854 (11th Cir. 2018) (en banc).  And at summary judgment, it is not the role of the district court to weigh competing evidence or determine the credibility of witnesses.  *A.L. ex rel. D.L. v. Walt Disney Parks & Resorts US, Inc.*, 900 F.3d 1270, 1289 (11th Cir. 2018).  Taking the evidence in the light most favorable to P.D. Miller Farms, a genuine question of material fact exists as to whether BASF drilled on the Miller property.

Finally, we conclude that BASF has also not demonstrated that it is entitled to summary judgment on the ground that it paid taxes on the mineral rights in the seven years preceding the complaint.  While BASF has demonstrated that it paid taxes on parcel MR0080, the affidavits of Harrell and Rathel create a genuine question of material fact as to whether those taxes correspond to the mineral interests associated with the Miller property.  We therefore cannot affirm the district court's order on this alternative ground.

★      ★      ★

To prevail on summary judgment, BASF was required to demonstrate that there was no genuine question that it either worked or attempted to work the mineral rights or paid taxes on those mineral rights.  Because BASF failed to meet this burden, we

22-11375                Opinion of the Court                11

**REVERSE** the district court's order granting summary judgment in favor of BASF and **REMAND** to the district court for further proceedings.